ERVIN, Judge.
The Public Defender for the First Judicial Circuit of Florida, in. six non-capital felony cases, filed motions to withdraw, citing excessive caseload and his inability to render effective representation on behalf of the defendants. Petitioner sought writ of mandamus to compel the Public Defender to represent the defendants in the six eases. The writ was denied, and the motions to withdraw were granted. Petitioner now seeks writ of certiorari before this court, contending the Public Defender may not shirk his statutory duties by withdrawing as counsel.
Section 27.51(1), Florida Statutes (1975), requiring “. . . the public defender . . . represent, without additional compensation as provided in S. 925.-035, any person who is deemed to be insolvent, as provided in this act, who is under arrest for, or is charged with, a felony must be read in pari materia with other relevant statutes and standards. Section 27.53(2) allows the trial court the discretion to appoint as special assistant public defender any member of the Bar to represent insolvent defendants. Canon 6 of the Code of Professional Responsibility provides generally that a lawyer should represent a client competently. The corresponding disciplinary rule, 6-101, requires “a lawyer shall not . . . handle a legal matter without preparation adequate in the circumstances.” Ethical Consideration 2-30 provides, “Employment shall not be accepted by a lawyer when he is unable to render competent service. . . . ”
The record on appeal reveals the caseload of the Public Defender’s office far exceeds the workloads recommended by three commissions — The National Advisory Commission on Criminal Justice Standards and Goals, the National Legal Aid and Defender Association, and the Florida Governor’s Commission. See, for example, Florida’s Criminal Justice Standards & Goals: Final Report, 392-3 (1976). Moreover, the trial judge has the opportunity to observe directly the adequacy of representation by the public defender’s office and to deter *976 mine whether the workload is excessive. Section 27.51 cannot be construed mechanically, in all circumstances, to mandate the appointment of the public defender if so doing would compromise the effectiveness of his representation. Both ethical considerations and professional standards dictate otherwise.
The writ is DENIED.
BOYER, Acting C. J., and MILLS, J., concur.