362 So.2d 151 (1978)
DADE COUNTY, a Political Subdivision of the State of Florida, Petitioner,
v.
The Honorable H. Paul BAKER, Circuit Judge in and for the Eleventh Judicial Circuit of Florida, and the Honorable Bennett H. Brummer, Public Defender of the Eleventh Judicial Circuit of Florida, Respondents.
The STATE of Florida, Plaintiff,
v.
Hernando AHUMADA, Defendant.
No. 78-765.
District Court of Appeal of Florida, Third District.
September 12, 1978.
Stuart L. Simon, County Atty., for petitioner.
Horton, Perse & Ginsberg and Mallory H. Horton, Miami, Bennett H. Brummer, Public Defender, for respondents.
Before HAVERFIELD, C.J., and PEARSON and HUBBART, JJ.
PEARSON, Judge.
Dade County, as petitioner, seeks certiorari review of an order of the circuit court (1) granting a motion of the Public Defender for leave to withdraw as the legal representative of a named indigent defendant (Hernando Ahumada) in all appellate proceedings and (2) appointing a special assistant public defender to represent the defendant. We issued an order to show cause pursuant to Fla.R.App.P. 9.100(f); response was filed and argument heard. We hold *152 that the granting of the motion upon the facts presented to the court by the Public Defender was a departure from the essential requirements of law and quash the order.
In order to clarify the issue presented so that the appeal of Hernando Ahumada may not be thwarted, the County has agreed to pay the costs and the fees of the special assistant public defender for the Ahumada appeal, pending disposition of this cause. This stipulation by the County is approved by this court and is accepted as in the interests of justice. The stipulation shall be without prejudice to the position of the County on its petition.
It is important to recognize that the trial judge has statutory authority to appoint a special assistant public defender. Section 27.53(2), Florida Statutes (1977), provides:
"In addition, any member of the bar in good standing may be appointed by the court to, or may register his or her availability to the public defender of each judicial circuit for acceptance of, special assignments without salary to represent insolvent defendants. Such persons shall be listed and referred to as special assistant public defenders and be paid a fee and costs and expenses. Such fee and costs and expenses shall be fixed by the trial judge and shall be paid in the same manner as counsel fees are paid in capital cases or as otherwise provided by law. In addition, defense counsel may be assigned and paid pursuant to any existing or future local act or general act of local application."
Although not raised by the respondents in their response, the first question that occurs is whether the County has standing to bring this petition. We hold that such standing does exist because it is clear that the County will be required to pay the fees of the special assistant public defender. The Constitution of the State of Florida and the statutes enacted pursuant thereto provide for a state-controlled and a state-financed judicial system. See Article V, Section 1, Florida Constitution; and Section 27.54, Florida Statutes (1977). Especially noted is Section 27.54(2), Florida Statutes (1977), which provides:
"No county or municipality shall appropriate or contribute funds to the operation of the offices of the various public defenders."
The County has appropriated money to pay for special assistant public defenders when appointed pursuant to Section 27.53(3), Florida Statutes (1977), which provides:
"If at any time during the representation of two or more indigents the public defender shall determine that the interests of those accused are so adverse or hostile that they cannot all be counseled by the public defender or his staff without conflict of interest, or that none can be counseled by the public defender or his staff, it shall be his duty to move the court to appoint one or more members of The Florida Bar who are in no way affiliated with the public defender in his capacity as such, or in his private practice, to represent those accused. However, the trial court shall appoint such other counsel upon its own motion when the facts developed upon the face of the record and files in the cause disclose such conflict, and said attorney may, in the discretion of the court, be paid a fee and costs and expenses as is provided in subsection (2)."
If the substantial costs of furnishing special assistant public defenders in other cases is to be transferred to the County, then the County has standing to bring a petition for writ of certiorari to review the order effecting the transfer. Cf. Dade County v. Strauss, 246 So.2d 137 (Fla.3d DCA 1971); and Dade County v. Carr, 231 So.2d 844 (Fla.3d DCA 1970).[1]
The gist of the present petition is that although the circuit court judges have authority to appoint special assistant public defenders in those cases where exceptional circumstances are involved, see Dade County *153 v. Strauss, supra; and Gant v. State, 216 So.2d 44 (Fla.1st DCA 1968), they do not have authority to appoint special assistant public defenders upon the motion of a public defender that he is overworked and, therefore, not able to do his job. The ground of the Public Defender's motion which was granted by the order under review is set out in the following paragraphs of the motion:
"3. The caseloads assigned to the assistant public defenders of the Appellate Division of the Office of the Public Defender far exceed the maximum caseloads promulgated by the National Advisory Commission on Criminal Justice Standards and Goals, and the Guidelines of the Florida Governor's Commission. * *
"4. The excessive caseloads have caused substantial delays in the filing of briefs on behalf of defendants in the District Court of Appeal, Third District. * * As a result of the delays, numerous appeals have been dismissed by the District Court for failure of the Office of the Public Defender to timely file briefs. These delays are harmful to the integrity of the judicial system and threaten the confidence of the public in the judicial system.
"5. Unless permitted to withdraw, the Office of the Public Defender will be in jeopardy of impeding the defendant's right to speedy access to the courts as guaranteed by Article I Section 21 of the Constitution of the State of Florida which provides: `The courts shall be open to every person for redress of any injury and justice shall be administered without sale, denial or delay.' The defendant cannot be constitutionally forced to compromise his constitutional right to undelayed review of his conviction in order to protect his right to effective counsel on appeal.
"6. Due to the excessive caseloads of the appellate assistant public defenders, effective representation to the defendant as guaranteed by the Sixth and Fourteenth Amendments to the Constitution of the United States and Article I Section 16 of the Constitution of the State of Florida is not possible. The prejudice suffered by the defendant may render the appellate review subject to attack alleging ineffective representation on appeal."
The County's position is that the Public Defender's motion did not set forth a permitted ground for his withdrawal. It is asserted by the County in its petition, and not denied by the Public Defender's response, that the Public Defender has filed a substantial number of similar motions upon the same asserted ground and intends to file other motions upon the same ground as a part of a plan to reduce his office's caseload. It is pointed out that the Public Defender is an elected public official charged with the statutory duty to represent, without additional compensation, any person who is determined to be insolvent and who is under arrest for, or is charged with, a felony. See Section 27.51(1), Florida Statutes (1977).
The Public Defender responds that:
* * * * * *
"The motion to withdraw alleged that the excessive caseloads of the assistant public defenders of the Appellate Division of the Office of the Public Defender precluded effective representation of the defendant, Hernando Ahumada, on appeal."
Thereupon, it is argued that because the excessive caseload would leave an individual defendant without effective representation, the circuit court had a duty to appoint a special assistant public defender. Respondents rely upon two orders of the Supreme Court of Florida in Palmes v. State, case no. 52,045 (Fla. 1978), and the opinion of the District Court of Appeal, First District, in State ex rel. Escambia County v. Behr, 354 So.2d 974 (Fla.1st DCA 1978).
The respondents have furnished us with a conformed copy of a motion and two orders[2] of the Supreme Court of Florida filed *154 in Palmes v. State, supra. These orders have not been published. We doubt that the Supreme Court intended them as a determination of the issue involved in the present petition and response. We have examined the exhibits and find that they are not determinative in this proceeding.
The cited opinion in State ex rel. Escambia County v. Behr, supra, is on point. The case holds that where the record before the court reveals that the caseload of the Public Defender's office far exceeds the workloads recommended, it is proper for the trial court to allow the Public Defender to withdraw. However, in our present case, we decline to follow the holding of our sister court in its broad application of the law.
An additional factor in the present case is the assertion by the County that the Public Defender for the Eleventh Judicial Circuit has announced a policy by which he will request the trial courts to relieve his office of responsibility in all non-capital felony appeals in the Eleventh Judicial Circuit. In response, the Public Defender says that he
"... does not seek to `Dump his Entire Non-Capital Appellate Caseload.' * * * Rather, withdrawal has been sought only from non-capital felony appeals. The public defender is not seeking to withdraw from appeals from juvenile court or county court, capital appeals, Monroe County appeals or any of his pending appeals. Withdrawal from these appeals has been sought as a temporary stopgap measure to avoid further delays and dismissals of appeals which must presently be prosecuted. In permitting withdrawal, the trial court has exercised its statutory discretion to afford the Office of the Public Defender an opportunity to cope with its already excessive pending caseload."
We hold that the motion of the Public Defender to be relieved of a part of his duties as an elected public official does not state a lawful ground for the appointment of a special assistant public defender and that the trial court departed from the essential requirements of law when it acceded to the Public Defender's plan. We are influenced in this decision by the fact that there are many offices of the judicial branch which consider themselves overworked. The proper remedy for such a situation is a revision of the established judicial duties rather than a judicially-approved stopgap measure which, in the individual case, may or may not be justified according to the views of the judicial official affected. Cf. the principles of law in Dillman v. Dillman, 105 So.2d 33, 35 (Fla.2d DCA 1958); and also cf. American Bankers Life Assurance Co. of Fla. v. Williams, 212 So.2d 777 (Fla.1st DCA 1968); and United States Casualty Co. v. Town of Palm Beach, 119 So.2d 800 (Fla.2d DCA 1960).
The County has advanced several other reasons for granting certiorari relief. We note the reasons advanced and hold that they do not state grounds for the issuance of a writ of certiorari.
Accordingly, the order appealed is quashed and a stay of the effect of our decision is granted in order that the issue which we find to be one of great public importance may be decided by the Supreme Court of Florida.
It is so ordered.
HUBBART, Judge (dissenting).
I must respectfully dissent. I would deny the petition for writ of certiorari on the *155 ground that the trial court did not depart from essential requirements of law in entering the order from which this petition is taken.
Briefly stated, the issue presented for review by the petition and response filed herein is whether a showing of a "lawful ground" or "special circumstances" is necessary under Sections 27.53(2), 925.035, Florida Statutes (1977), before a trial court may (1) appoint a member of the Florida Bar in good standing as a special assistant public defender to represent an insolvent defendant on appeal in a felony case, and (2) thereafter fix a reasonable attorney's fee, costs and expenses for the special assistant public defender to be paid by the county. In my judgment, the above statutes contain no provisions which require the showing of a "lawful ground" or "special circumstances" before a trial court may so appoint such a special assistant public defender and award him such reasonable attorney's fees, costs and expenses. Consequently, I find it unnecessary to determine, as the court herein does, that an excessive workload on the part of the public defender does not state a lawful ground for the appointment of the special assistant public defender. The trial court in no sense departed from essential requirements of law in appointing the special assistant public defender herein.

A
The controlling statute upon which the decision in this case rests is Section 27.53(2), Florida Statutes (1977). The trial court made its appointment of the special assistant public defender pursuant to such statute[1] and its authority to do so is governed entirely thereby. This statute was part of the original Public Defender Act passed after considerable debate by the Florida Legislature in 1963 following the United States Supreme Court decision of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), and has been in effect without substantial amendment for over fifteen years. Compare § 27.53(2), Fla. Stat. (1963). It provides in pertinent part as follows:
"In addition, any member of the Bar in good standing may be appointed by the court to, ... special assignments without salary to represent insolvent defendants. Such persons shall be listed and referred to as special assistant public defenders and be paid a fee and costs and expenses. Such fee and costs and expenses shall be fixed by the trial judge and shall be paid in the manner as counsel fees are paid in capital cases or as otherwise provided by law." § 27.53(2), Fla. Stat. (1977).
The above statute provides that attorney's fees, costs and expenses for a special assistant public defender shall be fixed by the trial court in the same manner as counsel fees are paid in capital cases. Section 925.035, Florida Statutes (1977), governs the manner in which counsel fees are paid to court appointed counsel in capital cases, and is, therefore, incorporated by reference in Section 27.53(2), Florida Statutes (1977). Section 925.035, Florida Statutes (1977), provides in pertinent part as follows:
"(1) If the court determines that the defendant in a capital case is insolvent and desires counsel, it shall appoint an attorney to represent the defendant. If the court appoints an attorney other than the public defender, the attorney shall be allowed reasonable compensation for representing the defendant, as determined by the court. In addition to such compensation, a reasonable amount shall be allowed for the cost of investigation and *156 preparation of the case. [Emphasis added.]
* * * * * *
"(4) If the death sentence is imposed, and affirmed on appeal to the Supreme Court, the appointed attorney shall be allowed reasonable compensation, not to exceed $1,000, for attorney's fees and costs incurred in representing the defendant as to an application for executive clemency, such compensation to be paid out of general revenue from funds budgeted to the Department of Offender Rehabilitation.
* * * * * *
"(6) All compensation and costs provided for in this section, except as provided in subsection (4), shall be paid by the county in which the trial is held, unless the trial was moved to that county on the ground that a fair and impartial trial could not be held in another county, in which event the compensation and costs shall be paid by the original county from which the cause was removed." [Emphasis added.]
It is clear from a plain reading of the above statutes that a trial court has the authority to appoint a member of the Florida Bar in good standing to represent an insolvent defendant in a criminal proceeding as a special assistant public defender. The trial court also has the authority to fix an attorney's fee, costs and expenses for the special assistant public defender which are to be paid in the same manner as counsel fees are paid in capital cases. Counsel fees in capital cases, and therefore under this statute, must be reasonable and are payable by the county.
The First District Court of Appeal in Gant v. State, 216 So.2d 44 (Fla. 1st DCA 1968), has held that Section 27.53(2), Florida Statutes (1977) means as follows:
"A literal interpretation of subsection (2) of the above-quoted statute [§ 27.53, Fla. Stat.] would indicate, and we so hold, that if a member of the bar in good standing is appointed by the court to represent an indigent defendant charged with a crime, and in doing so to act in the capacity of a special assistant public defender, a mandatory duty rests upon the court to fix and award a fee to the attorney so appointed for the services rendered on behalf of the county in which the charge originated." Id. at 46.
In the above case and in subsequent cases, the Florida courts have consistently recognized the validity of special assistant public defender appointments by a trial court and fee awards thereunder to be paid by the county when each of the above-stated statutory criteria are present. State ex rel. Escambia County v. Behr, 354 So.2d 974 (Fla. 1st DCA 1978); Dade County v. Strauss, 246 So.2d 137 (Fla. 3d DCA 1971). See also MacKenzie v. Hillsborough County, 288 So.2d 200 (Fla. 1973). In addition, two unpublished orders of the Supreme Court of Florida and two Attorney General's opinions have reached similar conclusions. Palmes v. State, case no. 52,045 (Fla. 1978); 1972 Op.Att'y Gen.Fla. 072-404 (November 16, 1972); 1967-68 Op.Att'y Gen.Fla. 068-107 (December 12, 1968).

B
It is undisputed that Carl Howard Lida is a member of the Florida Bar in good standing. It is also undisputed that the defendant which Mr. Lida was appointed to represent on appeal is insolvent and is charged in a criminal felony proceeding. As such, all the statutory requirements have been met for the appointment of Mr. Lida as a special assistant public defender herein and for a later award by the trial court of attorney's fees, costs, and expenses for Mr. Lida to be paid by the county.
The sole, relevant ground upon which the appointment of Mr. Lida is resisted in this case is that there was no showing made before the trial court of "special circumstances" or a "lawful ground" upon which the trial court could relieve the public defender of representing the insolvent defendant herein and thereafter appoint a special assistant public defender. Much has been argued by both parties as to whether such "special circumstances" or "lawful *157 ground" was shown for such appointment because of an alleged excessive, appellate caseload by the public defender. The court has resolved this dispute by holding that an excessive caseload by the public defender is not a "lawful ground" for the appointment of a special assistant public defender and has therefore upset the order under review.
I find it unnecessary to reach any of these questions because there is no provision in Section 27.53(2), Florida Statutes (1977), which can even remotely be interpreted to require a showing of "a lawful ground" or "special circumstances" before a trial court can appoint a special assistant public defender and thereafter fix attorney's fees, costs and expenses to be paid by the county. It is therefore irrelevant, in my view, to determine whether an excessive caseload by the public defender constitutes a lawful ground for the appointment of a special assistant public defender and if so, whether such a ground was established in this case.[2] For the court to read into Section 27.53(2), Florida Statutes (1977), a requirement of a "lawful ground" as a predicate for its holding in this case is, in all due respects, to amend the statute by finding language therein which is not there.
It is the established law of this state that the courts are not authorized under the guise of statutory interpretation to alter or amend a statute in order to achieve a result thought desirable. That is the sole prerogative of the legislature. Where a statute is plain and unambiguous, no interpretation thereof is necessary and the statute should be enforced according to its plain terms. Fine v. Moran, 74 Fla. 417, 429-30, 77 So. 533, 536 (1917); State ex rel. Washington v. Rivkind, 350 So.2d 575, 577 (Fla. 3d DCA 1977); American Bankers Life Assurance Co. of Fla. v. Williams, 212 So.2d 777 (Fla. 1st DCA 1968); United States Casualty Co. v. Town of Palm Beach, 119 So.2d 800 (Fla. 2d DCA 1960); Dillman v. Dillman, 105 So.2d 33, 35 (Fla. 2d DCA 1958). In this connection, I am in complete agreement with the court that the proper remedy, if any, to the situation posed in this case is a revision of the applicable statutory law, not judicially-approved stopgap measures. Vocelle v. Knight Bros. Paper Co., 118 So.2d 664 (Fla. 1st DCA 1960).
In addition to the plain language of Section 27.53(2), Florida Statutes (1977), the legislative history behind the passage of the Public Defender Act in 1963 supports the conclusion that no showing of a "lawful ground" or "special circumstances" is necessary in order for a trial court to appoint a special assistant public defender under such statute. The Public Defender Bill while it was still pending in the Senate Judiciary Committee on April 24, 1963, provided in substance "for what is called the classification of special assistant public defenders, who would not be paid a salary, but would be available for appointment by the trial court, where necessary, because of the inability of the public defender or his assistant to handle a case because of the pressure of other work or other good cause." B.K. Roberts, "Judicial Council Sponsors Public Defender Legislation," 37 Fla.Bar J. 381, 382 (1963). For whatever reason, the legislature chose not to include the underscored language in any form in Section 27.53(2), Florida Statutes (1963), upon final passage. It is therefore my view that the courts should not read into the current statute [§ 27.53(2), Fla. Stat. (1977)] a "lawful ground" requirement which is not only not there, but which in substance was deleted by the legislature from the original bill.
Based on the above authorities and reasoning, it is not surprising that we are cited to no prior case in this state which has *158 superimposed a requirement of a "lawful ground" or "special circumstances" onto Section 27.53(2), Florida Statutes (1977). Indeed, the existing statutory and decisional law in this state is quite to the contrary as previously indicated. And to the extent that certain administrative orders entered by the Chief Judge of the Eleventh Judicial Circuit of Florida purport to repeal, amend, or limit Section 27.53(2), Florida Statutes (1977), the orders are of no force and effect. See State v. Furen, 118 So.2d 6 (Fla. 1960). It is therefore difficult to understand how the trial court could in any sense have departed from essential requirements of law by following the plain meaning of Section 27.53(2), Florida Statutes (1977), as previously interpreted by the Florida courts.

C
The court relies on what it considers to be the public defender's statutory duty to represent the defendant herein. I cannot agree. It is clear that Chapter 27.50, Florida Statutes (1977), does not impose an exclusive statutory duty on the public defender to represent all insolvent defendants in all criminal proceedings. The statute, in fact, creates a dual system for delivering defense services to the insolvent poor in criminal cases. The public defender may be appointed by the court to represent an insolvent defendant in felony cases and in certain misdemeanor, municipal or county ordinance, and juvenile delinquency cases. If so appointed, it becomes the public defender's duty to represent such defendant. The court also has the option of appointing a member of the Florida Bar in good standing to represent an insolvent defendant in a criminal proceeding pursuant to either Section 27.53(2) or 27.53(3), Florida Statutes (1977). In a capital case, the court has the additional option of appointing private counsel under Section 925.035, Florida Statutes (1977).[3] If so appointed, it becomes private counsel's duty to represent such defendant.
Section 27.51(1), Florida Statutes (1977) imposes upon the public defender the duty of representing "any person who is determined to be insolvent, as provided in this act, who is under arrest for, or is charged with, a felony." It does not impose a sole exclusive duty upon the public defender to represent all insolvent defendants charged with a felony. The statute must be read in pari materia with the other sections of the statute which clearly give the trial court the discretionary authority to appoint members of the Florida Bar to represent insolvent defendants in criminal proceedings. As the First District Court of Appeal in State ex rel. Escambia County v. Behr, 354 So.2d 974 (Fla. 1st DCA 1978), has accurately stated:
"Section 27.51(1), Florida Statutes (1975), requiring `... the public defender ... represent, without additional compensation as provided in S.925.035, any person who is deemed to be insolvent, as provided in this act, who is under arrest for, or is charged with, a felony ...', must be read in pari materia with other relevant statutes and standards. Section 27.53(2) allows the trial court the discretion to appoint as special assistant public defender any member of the Bar to represent insolvent defendants." Id. at 975.
In a recent survey, public defenders in Florida reported that the courts appoint private counsel in 10.1% of the insolvent criminal cases on a state-wide basis.[4] The court in its opinion recognizes the existence of such a working dual system by conceding that the trial court does have the statutory *159 authority to appoint special assistant public defenders. Indeed, such a dual system has received strong state and national approval.[5] If such dual system is now to be substantially altered or changed after over fifteen years of successful operation, it should be done by the legislature and not the courts.
It is certainly true that the Public Defender Act [ch. 27.50, Fla. Stat. (1977)] read as a whole contemplates that the courts rely primarily, although not exclusively on the public defender in appointing counsel to represent insolvent defendants in criminal cases. B.K. Roberts, "Judicial Council Sponsors Public Legislation", 37 Fla.Bar J. 381 (1963). As previously indicated, the courts in Dade County and throughout the state have certainly been true to that spirit by appointing the public defender to represent the vast majority of insolvent criminal defendants. I see nothing in this record to indicate that the trial court herein departed from this overall legislative scheme.
The order under review permits the public defender to withdraw as counsel, and appoints a special assistant public defender to represent a particular insolvent defendant on appeal in a single felony case. It does not allow the public defender to withdraw en masse from all his insolvent criminal appeals arising out of Dade County and appoint private counsel to take over such cases. Nor is there any showing on this record that this has been accomplished in whole or in part in prior cases. If it did, an entirely different question would be presented. To cast this case in such dramatic terms is to ignore the plain language of the order under review.

D
The court also relies on what it considers to be the thrust of Article V of the Florida Constitution and statutes enacted thereunder, namely, to set up a state-controlled and state-financed judicial system apart from any county funding. Generally, that is an accurate statement and I certainly agree that Dade County has standing to bring this petition. The statement, however, is subject to important exceptions which are relevant here. Section 27.54(3), Florida Statutes (1977), requires the counties to support the offices of the various public defenders with office space, utilities, telephone service and custodial services at a certain minimum level of funding.[6] Also the counties are required to pay for reasonable attorney's fees, costs and expenses as fixed by trial upon the court's appointment of private counsel for an insolvent defendant in a criminal case under Sections 27.53(2), 27.53(3) and 925.035, Florida Statutes (1977), or for an insolvent respondent in an involuntary hospitalization proceeding (as to reasonable attorney's fees) under Section 394.473, Florida Statutes (1977). (Baker Act). *160 Such statutes cannot be altered, amended or limited by what the courts consider to be the overall thrust of judicial reform in this state. The fact remains that the county is required by statute to fund part of the delivery of legal services to the poor in criminal cases.
Pursuant to the above statutes, Dade County has admirably met its responsibilities over the years to the criminal justice system in Dade County. Indeed, it has set up a specially appropriated fund for court-appointed counsel in insolvent criminal cases and has been more than accommodating to the public defender herein as to office space, utilities, telephone service, custodial services and other court costs. The specially appropriate fund is not limited to private counsel appointments under Section 27.53(3), Florida Statutes (1977), as the court suggests, but extends as well to private counsel appointments under Sections 27.53(2) and 925.035, Florida Statutes (1977). Dade County represents that payments from such fund have been made in the past to court-appointed counsel under each of the above statutes.
It is therefore my view that the trial court's order herein does no violence to the letter or spirit of Article V of the Florida Constitution and the statutes enacted thereunder. Indeed, the statute under which this order was entered requires Dade County to pay reasonable attorney's fees, costs and expenses as fixed by the court for the special assistant public defender appointed herein.
For the above-stated reasons, I would deny the petition for writ of certiorari.
NOTES
[1] This case was subsequently modified by the Florida Supreme Court on grounds not germane here.
[2] The order of March 22, 1978, reads:

"The motion to withdraw and for appointment of private counsel to represent appellant on appeal is granted and the Public Defender of the Second Judicial Circuit is hereby permitted to withdraw as counsel for appellant and it is further
"ORDERED that Ken Vickers, Esquire, and Steve Rohan, Esquire, are hereby appointed to represent Timothy Charles Palmes in this appeal."
The order of April 14, 1978, reads:
"Motion for Amended Order, filed in the above styled cause, is hereby granted. The trial court is hereby directed to fix attorneys fees and to provide the amount and the manner of payment of the attorneys fees."
The motion upon which the two above orders were entered contains the following paragraph:
"8. It is the considered judgment of this attorney [the Public Defender for the Second Judicial Circuit] that the limit has been reached in the number of capital cases that can be handled competently by his staff at the present time and that appointment of other counsel to represent appellant on this appeal is necessary."
[1] The trial court's order of appointment under review reads in pertinent part as follows:

"The Public Defender's motion to withdraw from any and all appellate representation of the [d]efendant herein is granted. The [c]ourt hereby appoints Carl Howard Lida as special assistant public defender to represent the indigent [d]efendant in this case in further appellate proceedings pursuant to Section 27.53(2), Florida Statutes."
We have no occasion to determine whether the appointment herein was valid under Section 27.53(3), Florida Statutes (1977), as the appointment was not predicated on that statute.
[2] In point of fact, Dade County makes a strong showing that the public defender herein is not so overworked that he has no lawyer on his staff who can represent this defendant on appeal without compromising the defendant's right to effective assistance of counsel. All agree, however, that the public defender has a heavy workload by any standard; and that factor was properly considered by the trial court in exercising its discretion to appoint the special assistant public defender in this case. Whether the court was required on this record to appoint the special assistant public defender herein is a question we need not decide and about which I have grave doubts.
[3] It should also be noted that the trial court, in involuntary mental hospitalization proceedings under the Baker Act, has the option of appointing the public defender or private counsel to represent an insolvent respondent. If private counsel is appointed, the court may award reasonable attorney's fees for such counsel to be paid by the county in which the respondent is hospitalized. § 394.473, Fla. Stat. (1977).
[4] "In a recent survey by the Governor's Commission on Criminal Justice Standards and Goals, public defenders reported that private defense attorneys were assigned to represent indigents 10.1% of the time on the average." Florida's Criminal Justice Standards and Goals 385 (Dept. of Admin. 1976).
[5] "Services of a full-time public defender and a coordinated assigned counsel system involving substantial voluntary participation of the private bar, should be available in each jurisdiction to supply attorney services to indigents accused of crimes and to encourage significant voluntary participation by the private bar in the criminal justice system." Florida's Criminal Justice Standards and Goals, Standard Ct. 10.05 Method of Delivering Defense Services (Dept. of Admin. 1976). Far from recommending a curtailment of private counsel appointments in criminal cases, the commentary under this standard suggests that private counsel appointments should be increased in Florida. Id. at 385.

"Services of a full-time public defender organization, and a coordinated assigned counsel system involving substantial participation of the private bar, should be available in each jurisdiction to supply attorney services to indigents accused of crime. Cases should be divided between public defender and assigned counsel in a manner that will encourage significant participation by the private bar in the criminal justice system." National Advisory Commission on Criminal Justice Standards and Goals, Task Force on the Courts, Standard 13.5 (1973).
[6] "The public defenders shall be provided by the counties within their judicial circuits with such office space, utilities, telephone services and custodial services as may be necessary for the proper and efficient functioning of these offices. The office space and utilities to be provided by the counties shall not be less than the standards for space allotment promulgated by the department of general services. The counties shall not provide less of these services than were provided in fiscal year 1972-1973." § 27.54(3), Fla. Stat. (1977).