485 So.2d 460 (1986)
John KIERNAN, Appellant,
v.
STATE of Florida, Appellee.
Edwin Reese SNYDER, Appellant,
v.
STATE of Florida, Appellee.
Raul Alexander CARBONELL, Appellant,
v.
STATE of Florida, Appellee.
Sammie Lee WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
Peter H. WHITNEY, Appellant,
v.
STATE of Florida, Appellee.
Randy Leroy STOKES, Appellant,
v.
STATE of Florida, Appellee.
Jimmie Lee TUGGERSON, Appellant,
v.
STATE of Florida, Appellee.
Nos. BH-163, BI-166, BI-223, BI-224, BI-383, BI-432, BJ-82 and BJ-83.
District Court of Appeal of Florida, First District.
March 11, 1986.
C. Richard Parker, Public Defender, Gainesville, for appellants.
Jim Smith, Atty. Gen., Tallahassee, for appellee.

ON MOTION TO WITHDRAW
PER CURIAM.
These cases are consolidated for the purpose of considering and ruling on the motion to withdraw filed by the public defender in each case. All of these appeals arise out of convictions in which the public defender for the Eighth Judicial Circuit represented defendants at trial. Pursuant to section 27.51(4)(a), Fla. Stat., the public defender for the Second Judicial Circuit, Michael Allen, was designated to represent defendants on appeal. However, for reasons explained more fully below, Mr. Allen requested and received permission to withdraw and jurisdiction was relinquished to the trial court for purposes of appointing alternative appellate counsel. The trial court then appointed the public defender for the Eighth Judicial Circuit who has in turn moved to withdraw. We grant the motions.
Some months ago, it became apparent that litigants in criminal appeals to this court regularly failed to serve briefs within the time constraints of the Florida Rules of Appellate Procedure. In particular, the public defender's office routinely requested and received four or more 30-day extensions of time to file initial briefs. In response to orders from this court in several *461 cases indicating that these delays in the appellate process would be curtailed, Mr. Allen contacted the chief judge of this court who then met with Mr. Allen and other interested persons including representatives from the attorney general's office. The discussions at this meeting revolved around the staffing shortages existing in both the public defender's and attorney general's offices due to inadequate funding for attorney positions. The outcome of the meeting was a consensus that immediate steps would have to be taken to ensure the processing of criminal appeals within reasonable periods of time.
Thereafter, Mr. Allen filed a "Motion to Establish Briefing Schedules and Motion for Leave to Withdraw From Future Appeals." The motion to establish briefing schedules set forth proposed deadlines for serving the initial briefs in 76 criminal appeals which were then pending in the court. The motion for authorization to withdraw requested permission to withdraw from the next 100 cases in which the public defender for the Second Judicial Circuit was designated to represent defendants in accordance with the statute. The motion explained that the public defender's appellate staff consists of seven full-time assistant public defenders, two part-time assistants and one certified legal intern. Under generally accepted standards for public defenders, the Second Judicial Circuit should have 13.8 attorney units to handle appeals while it is only funded for 9.9 units. Due to the staffing shortages, and the concomitant case load per attorney well in excess of the generally accepted standards, the motion asserted that the public defender could not meet the time constraints of the appellate rules and, at the same time, comply with ethical standards pertaining to competent representation. See Fla.Bar Code of Prof. Resp., Canons 2 and 6. Thus, the motion sought approval of the requested briefing deadlines in the 76 pending appeals as well as authorization for withdrawal in 100 future appeals to be prorated among the six circuits comprising the First District.
On October 8, 1985, an order was entered approving the briefing schedule. The order denied the motion for blanket authorization to withdraw from 100 cases but informed the parties that motions to withdraw would be considered on a case-by-case basis. In the eight cases presently before us, the Second Judicial Circuit public defender's motions to withdraw were granted.
Authority for granting permission to withdraw in spite of the provisions of section 27.51(1) is found in State ex rel Escambia County v. Behr, 354 So.2d 974 (Fla. 1st DCA 1978). In Behr, we held that section 27.51(1) (now section 27.51(a)) must be read in pari materia with other relevant statutes and standards. In particular, the statute must be construed in light of the aforementioned ethical standards as well as the express statutory authorization permitting the trial court to appoint special assistant public defenders. Section 27.53(2); see also In re: Directive to the public defender of the Seventh Judicial Circuit, 6 FLW 324 (Fla. April 28, 1981). Because the motions to withdraw raised good faith assertions that the time limitations could not be adhered to while adequately representing the individual defendants, the Second Circuit public defender was permitted to withdraw and jurisdiction was relinquished to the trial court for appointment of alternative appellate counsel.
The trial judge then appointed the public defender for the Eighth Judicial Circuit, C. Richard Parker, to represent defendants in their appeals. Mr. Parker in turn moves to withdraw on grounds similar to those raised by Mr. Allen; that is, his office is not funded for representing indigent appellants and his trial attorneys' case loads are already in excess of accepted standards. In addition, his attorneys are trained in trial, not appellate practice, and his staff has virtually no appellate experience. Under these circumstances, we find no alternative other than to grant the motions to withdraw and relinquish jurisdiction again for appointment of alternate counsel.
We appreciate and sympathize with the trial judge's desire to save the taxpayers of *462 his county the additional expense incurred by the necessity of appointing special public defenders pursuant to section 27.53(2). However, when that desire is weighed against the indigent defendant's constitutional right to effective assistance of appellate counsel, the constitutional right must prevail. The financial and staffing shortages facing our public defenders are not new nor are we able to state that the proceedings giving rise to the present motions pose any type of long-term solution. At a recent hearing arising out of two of the "briefing schedule" cases, Mr. Allen assured the court that his staff was currently caught up and pointed out that he had in fact sought to withdraw from considerably fewer cases than the 100 he had originally anticipated. However, Mr. Allen candidly informed us, in response to a direct question, that it would only be a matter of months before his staff would again be unable to meet the time limits imposed by the appellate rules. We do not, by this opinion, propose a solution to the critical situation we have exposed. Neither do we imply that in the future this court will not rigidly enforce the appellate rules. We do not intend to make public the inadequate funding suffered by the public defender offices in this state and the resulting extra, more direct, burden on the taxpayers of this district which was caused by this court's insistence that indigent defendants' appeals be prosecuted in a timely and competent manner.
Finally, we note that there has never been any indication that the inability to effectively meet deadlines is due to any lack of diligence or professional qualifications on the part of the public defender and his staff. To the contrary, all signs indicate that Mr. Allen and his staff are cognizant of the gravity of the situation and are doing everything that may reasonably be expected of them to prevent the withdrawals which were necessitated here. In noting this, we should also point out that the criminal appeals division of the attorney general is not free of the troubles caused by understaffing. In the recent proceeding previously referred to, Raymond L. Marky, Assistant Attorney General, admitted that his staff has been able to meet time limits in the past primarily because of the long delays received by defense counsel. Mr. Marky acknowledged that the elimination of those delays could result in his staff facing the same difficulties in adhering to deadlines. In fact, the judges on this court share the burden in that the annual case load per judge also greatly exceeds that recommended. However, it is in part due to this overburdening of the court that we must insist on satisfactory performance by all attorneys appearing before us.
It is not within our power to solve the financial problems facing publicly paid attorneys litigating in this court on both sides. It is within our power, at least to some extent, to require the same standard of professional performance from publicly paid attorneys as is expected from the rest of the Bar.
For the foregoing reasons, the present motions to withdraw as counsel are granted and jurisdiction is relinquished for 20 days for appointment of alternative counsel.
THOMPSON, ZEHMER and BARFIELD, JJ., concur.