498 So.2d 953 (1986)
Jerome HAGGINS, et al., Appellants,
v.
STATE of Florida, Appellee.
No. 85-272.
District Court of Appeal of Florida, Second District.
June 16, 1986.
James Marion Moorman, Public Defender, and Paul C. Helm, Assistant Public Defender, Bartow, for appellants.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
En Banc.
PER CURIAM.
The Public Defender of the Tenth Judicial Circuit, who prosecutes appeals in this court for public defenders throughout the district, has filed identical motions to withdraw as counsel in 247 pending criminal appeals. We consolidate these appeals only for the purpose of ruling on the motions.
The public defender alleges a current caseload of 963 noncapital appeals and says that he is being appointed to an average of 84 new appeals each month. However, he asserts that his present appellate staff can effectively brief an average of only 50 cases per month according to statewide standards established by the Florida Public Defenders Association and the Governor's Commission on Criminal Justice Standards and Goals. He contends that he does not have sufficient funding to employ additional persons to assist in alleviating his caseload. He suggests that his inability to expeditiously process all of the appeals may place him in the position of affording ineffective counsel to his clients. See Kiernan v. State, 485 So.2d 460 (Fla. 1st DCA March 11, 1986).
As a result of these motions, we invited responses from the chairmen of the county commissions and the county attorneys of all counties within our district, the chief judges of all circuits within the district, all public defenders and state attorneys in the district, and the attorney general's office. The common denominator of all of the responses is that they oppose the granting of the motions to withdraw. Many of the respondents point to section 27.51(4), Florida Statutes (1985), which sets forth the responsibility of the Public Defender of the Tenth Judicial Circuit to handle appeals for the other public defenders with funds appropriated under the authority of section 27.51(6), Florida Statutes (1985). The respondent counties also assert that they do not have sufficient financial resources from which they could pay substitute counsel should the motions to withdraw be granted.
Upon en banc consideration, we conclude that the motion to withdraw should be denied. While the 247 cases from which the public defender seeks to withdraw are among those which have been pending the longest in this court, we do not conclude that these appeals have been delayed so *954 long that it can be said that the respective defendants are being deprived of their constitutional rights. It is significant that the trial record in each of these cases has already been filed in this court, and the cases are ready for briefing. It appears to us that to grant the motions to withdraw in these cases would be counter-productive; further delays would ensue while substitute counsel are being obtained and additional time would be required to permit such counsel to become familiar with the records on appeal. Thus, we respectfully suggest that the public defender direct his primary efforts toward the prosecution of these older appeals.
If the public defender deems it necessary to seek to be relieved from other appeals or from the appointment to new appeals, he should file appropriate motions to withdraw in the various circuit courts from which those appeals are taken. The circuit courts can better determine on a case-by-case basis the possible prejudice to the defendants resulting from any delays, and those courts have the facility to receive evidence concerning such matters as the ability of the public defender to handle his caseload and the means by which substitute counsel, if appointed, can be compensated. The following quotation from Justice England's concurring opinion in Escambia County v. Behr, 384 So.2d 147, 150 (Fla. 1980), seems equally applicable to both trial and appellate representation:
The problem of excessive caseload in the public defender's office should be resolved at the outset of representation, rather than at some later point in a trial proceeding. Public defenders, at the time of their appointment to a new case, are in the best position to know whether existing caseloads render unlikely their ability to continue to conclusion a new representation. If that prospect exists, they should so advise the trial court before undertaking new commitments. Trial judges can then conduct a hearing, in which the county should be entitled to appear, to evaluate the caseload claim and to determine whether private counsel should be assigned to serve as a special assistant public defender.
The motions to withdraw are denied.
RYDER, C.J., and GRIMES, SCHEB, DANAHY, CAMPBELL, SCHOONOVER, LEHAN, FRANK, HALL and SANDERLIN, JJ., concur.