On Motion to Withdraw

PER CURIAM.
Citing her inability to prepare an initial brief within the time constraints ordered by this court, the assistant public defender assigned to represent appellant in this cause, moves to withdraw. For the following reasons, we deny the motion.
The notice of appeal in this cause was filed on May 17, 1985. Through no fault of the public defender, but due to the lower court’s granting of numerous extensions of time for preparation of the record, transcript and initial brief, the record was not transmitted until April 14, 1986. At that time, the public defender for the second judicial circuit was designated to represent appellant pursuant to section 27.51(4) Fla. Stat. (1985). Ms. Reeves, the assistant public defender assigned to the case, then requested and received two thirty day extensions of time to file the initial brief. The second order granting the extension of time provided that no further extensions would be granted in the absence of extreme emergency. Thereafter, counsel filed the present motion to withdraw.
The motion to withdraw points out that this is an appeal from a conviction of first degree murder, the record exceeds 2000 pages, and trial counsel listed some 14 judicial acts to be reviewed. Due to her extremely heavy case load, aggravated by an increasing number of jurisdictional briefs due in the Supreme Court resulting from the numerous inter-district conflicts interpreting the sentencing guidelines, counsel states that she will not be able to comply with the latest order of this court requiring the initial brief to be served by July 16, 1986. Since these factors were alleged in the previous motions for extension of time, counsel understands our last order as determining that the named factors do not constitute emergency grounds, and therefore requests to withdraw.
It is true that overburdened case loads and larger than average records are not necessarily deemed emergency situations justifying extensive delays in the progress of a case. However, we find that in the filing of this motion, counsel has demonstrated an emergency situation. Therefore, we sua sponte extend the time for serving the initial brief another thirty days *172 from the present due date, and deny the motion to withdraw.
Granting the motion to withdraw would only delay this case further when it has already been delayed extensively. We previously acknowledged the over burdening of the public defender’s office in our opinion in Kiernan v. State, 485 So.2d 460 (Fla. 1st DCA 1986). In Kieman we reported Mr. Allen’s prediction that it would only be a matter of months before his staff would again be unable to meet time limits. It appears that the predicted circumstances have materialized. We note that this district’s problems are not unique. In Haggins v. State, 498 So.2d 953 (Fla. 2d DCA 1986), the second district was faced with a similar motion to withdraw, and denied it. We agree with the second district that the public defender should continue to direct his primary efforts toward those cases which have been pending the longest. To permit withdrawal at this stage would be counter productive as the assistant public defender handling the case is now, presumably, familiar with the record and issues being raised.
If the public defender deems it necessary to be relieved from other appeals, he should file a motion to withdraw in this court promptly upon receipt of a § 27.51(4) designation. Such motions will be considered on a case-by-case basis as established in Kieman, supra. If the motion is granted, jurisdiction will be relinquished to the trial court for appointment of alternative appellate counsel.
MILLS, NIMMONS and WIGGINTON, JJ., concur.