On June 24,1987 this court entered an en banc order requiring the Public Defender of the Tenth Judicial Circuit to file briefs in 100 of the oldest delinquent appeals by July 81, 1987.[1] On October 23, 1987, the Public Defender’s motion for rehearing was denied. In denying rehearing, however, this court extended the time limitation until November 23, 1987 and provided that “failure to comply with the schedules for the filing of briefs as is prescribed in this order will result in the dismissal of those delinquent appeals without prejudice to file petitions for reinstatement with the proper briefs attached.”
As of the date of this order, some 42 days following the extended time limitation, the Public Defender of the Tenth Judicial Circuit has filed briefs in only 20 of those 100 appeals. We take judicial notice that in the same time period the Public Defender of the Tenth Judicial Circuit has chosen to file briefs in over 80 appeals initiated much later than the 100 appeals referred to in our October 23, 1987 order.
The 100 appeals on the list attached to the denial of the motion for rehearing consist of cases in which the notices of appeal were filed in this court between May 30, 1986 and November 6, 1986. Thus, at the time of the order denying rehearing, these 100 appeals were all approximately 1 year to IV2 years old and had not even progressed to the point where the appellant’s briefs were filed. In terms of the appellate rules, briefs in these cases were overdue in excess of 8 months (see Rule 9.140(b)(5), Florida Appellate Rules, mandating that briefs be filed within 80 days from the filing of the notice of appeal). In contrast, many of the cases in which the Public Defender has chosen to file briefs, after the rehearing order, had notices of appeal filed in 1987, *404 and some as recently as the latter half of 1987. In a few of the oldest cases on the list, the briefs are more than a year overdue yet the Public Defender chose to file briefs in some cases where the briefs were less than 1 month overdue.
Our concern for the rights of the appellants represented by the Public Defender has led us to be more tolerant in these seriously delinquent appeals when we would have long since dismissed equally delinquent appeals in civil matters. We have by our forbearance, in effect, given these appellants lengthy extensions of time to file briefs. Unfortunately, this course of action has not resulted in the briefs in these oldest appeals being filed as we had contemplated. The inaction on the part of the Public Defender as to these oldest appeals has adversely affected the processing of these parties’ appeals within any reasonable length of time. There are practical reasons for finality in appeals. To grant unlimited extensions of time would overlook the rights of the public to some finality in criminal proceedings. For instance, if an appeal is allowed to languish in the appellate court for years and ultimately results in a reversal for a new trial, the State might be prejudiced in reassembling its evidence due to the passage of time. Moreover, the evidence on behalf of the defendant may have become stale.
Therefore, the time has come for more drastic action which we trust will result in the filing of more of these briefs. We hereby dismiss the appeals in the cases listed below. Because it is not our purpose to foreclose the rights of the appellants, we do so without prejudice to the Public Defender or the appellant in any of these cases to seek reinstatement on or before March 4, 1988, by filing a motion for reinstatement showing good cause therefor accompanied by an appropriate appellant’s brief.
1. 86-1416 Scepkowski v. State
2. 86-1636 Hill v. State
3. 86-1680 Davis v. State
4. 86-1687 Collins v. State
5. 86-1729 A.R. v. State
6. 86-1826 Russell v. State
7. 86-1914 Matire v. State
8. 86-1974 Koenig v. State
9. 86-2082 Ward v. State
10. 86-2098 Theodules v. State
11. 86-2111 Washington v. State
12. 86-2115 Kennedy v. State
13. 86-2124 Caldwell v. State
14. 86-2125 Young v. State
15. 86-2127 Jackson v. State
16. 86-2178 Hartman v. State
17. 86-2223 Douglas v. State
18. 86-2242 Hartman v. State
19. 86-2251 Galvez-Martinez v. State
20. 86-2252 Cail v. State
21. 86-2270 Williams v. State
22. 86-2295 P.W. v. State
23. 86-2305 Ledesma v. State
24. 86-2306 Maney v. State
25. 86-2311 Rivera v. State
26. 86-2342 Wright v. State
27. 86-2344 Jaggers v. State
28. 86-2347 Sparkman v. State
29. 86-2357 Diaz v. State
30. 86-2384 Duque v. State
31. 86-2402 Sanders v. State
32. 86-2460 Williams v. State
33. 86-2480 Brabant v. State
34. 86-2493 Farrar v. State
35. 86-2495 Smith v. State
36. 86-2496 Jones v. State
37. 86-2500 Salermo v. State
38. 86-2512 Medina v. State
39. 86-2514 Bogan v. State
40. 86-2548 Wilson v. State
41. 86-2552 Martinez v. State
42. 86-2553 Williams v. State
43. 86-2561 Crigler v. State
44. 86-2562 Wood v. State
45. 86-2614 Rynicki v. State
46. 86-2615 Parrish v. State
47. 86-2620 Hicks v. State
*405 48. 86-2628 Moore v. State
49. 86-2634 Williams v. State
50. 86-2649 Williams v. State
51. 86-2652 Constantine v. State
52. 86-2653 Constantine v. State
53. 86-2666 LeFresne v. State
54. 86-2667 Crumity v. State
55. 86-2691 Bolden v. State
56. 86-2696 Jackson v. State
57. 86-2697 Manis v. State
58. 86-2698 Maynard v. State
59. 86-2707 Crews v. State
60. 86-2718 Park v. State
61. 86-2719 Brewer v. State
62. 86-2720 Rice v. State
63. 86-2725 Velez v. State
64. 86-2733 Polen v. State
65. 86-2735 McDaniels v. State
66. 86-2739 Hodo v. State
67. 86-2740 Johnson v. State
68. 86-2755 Parrish v. State
69. 86-2756 Parrish v. State
70. 86-2760 Green v. State
71. 86-2762 Marion v. State
72. 86-2776 Dollison v. State
73. 86-2799 Bickler v. State
74. 86-2803 Thomas v. State
75. 86-2809 Bass v. State
76. 86-2818 Johnson v. State
77. 86-2825 Small v. State
78. 86-2832 Self v. State
79. 86-2834 Collins v. State
APPENDIX
IN THE SECOND DISTRICT COURT OF APPEAL, LAKELAND, FLORIDA
EN BANC.
ORDER ON PROSECUTION OF CRIMINAL APPEALS BY THE TENTH CIRCUIT PUBLIC DEFENDER AND BY OTHER PUBLIC DEFENDERS
In an order entered en banc, dated March 31, 1987, this court addressed the serious problem of the backlog of cases assigned to the Tenth Circuit Public Defender’s Office. In that order we required the Tenth Circuit Public Defender to file briefs in the one hundred fifty oldest cases pending at that time, at a rate of fifty briefs per month, and requested a response from all potentially affected parties as to why the Tenth Circuit Public Defender should not be discharged from one hundred fifty other delinquent criminal appeals and the local public defenders or specially appointed public defenders be assigned to prosecute those appeals.
We have received responses from the circuit public defenders within this district, various county attorneys, several chief circuit judges, several state attorneys, and the attorney general’s office. They are unanimous in their opposition to the transfer of these delinquent criminal appeals from the Tenth Circuit Public Defender. Their responses assert that the local public defenders have neither the manpower nor funds necessary to handle appeals and that the county budgets have not been funded to pay specially appointed public defenders for the purpose of handling appeals. In considering the responses together with other factors, we have determined that a transfer of these cases would result in further delay in the processing of the delinquent appeals and that the solution to this problem lies elsewhere.
Since our March 31 order, the Tenth Circuit Public Defender has complied with the requirement to file briefs in the fifty oldest cases each month. However, that rate is not sufficient to keep up with newly filed appeals, let alone to catch up the backlog. We have received a letter from the Tenth Circuit Public Defender, dated June 11, 1987, pointing out that the backlog continues to grow and that there will be five hundred seventy-eight appeals awaiting briefs by September 30, 1987.
Our March 31 order was entered prior to the beginning of the Florida legislature’s annual session. The session has now been completed, and we must assume that the *406 legislature was aware of the funding problems of the Public Defender of the Tenth Judicial Circuit. We also assume, in light of the gravity of the problem and the enormity of the backlog, that the legislature has attempted to provide the Tenth Circuit Public Defender with sufficient funds with which to timely process appeals. In his letter of June 11, the Tenth Circuit Public Defender has advised us that he has received additional funding for new positions and has assigned two additional attorneys to appeals.
To prevent the abridgment of appellants’ constitutional rights due to the Tenth Circuit Public Defender’s inability to timely handle the appeals and to effect the orderly and timely processing of these appeals, it is urgent that this court take immediate further action as the backlog of delinquent criminal appeals continues to increase. The Florida Rules of Judicial Administration, Rule 2.085(a), provide that “[¡judges and lawyers have a professional obligation to terminate litigation as soon as it is reasonably and justly possible to do so.”
Therefore and after due consideration being given to the positions expressed in the responses to this court’s March 31 order, we find it necessary to increase the total number of cases in which the Tenth Circuit Public Defender will file briefs each month. Beginning in July 1987 the Tenth Circuit Public Defender will file briefs in one hundred of the oldest delinquent cases per month. Attached as an exhibit to this order is a list of the oldest one hundred cases in which briefs shall be filed by July 31, 1987. Further orders with exhibits will follow specifying the next oldest cases in which briefs are to be filed in subsequent months at the rate of one hundred per month.
We anticipate that the above schedules will serve to bring current the Public Defender’s estimated September 1987 backlog of five hundred seventy-eight briefs. We also expect that by January 1, 1988, the Public Defender will maintain the appeals in a current status as the briefs become due.
Failure to comply with the schedules for the filing of briefs as is prescribed in this order will result in the dismissal of those delinquent appeals without prejudice to file a petition for reinstatement with the proper briefs attached.
Entered en banc this 24th day of June, 1987.
DANAHY, C.J., and SCHEB, RYDER, CAMPBELL, SCHOONOVER, LEHAN, FRANK, HALL, SANDERLIN, and THREADGILL, JJ., concur.

. The unpublished order of June 24, 1987 is attached. See also Haggins, et al. v. State, 498 So.2d 953 (Fla. 2d DCA 1986).