529 So.2d 789 (1988)
Roger A. GRUBE, Appellant,
v.
STATE of Florida, Appellee.
No. 88-664.[*]
District Court of Appeal of Florida, First District.
August 2, 1988.
Michael E. Allen, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, for appellants.
Robert Butterworth, Atty. Gen., and Richard Doran, Asst. Atty. Gen., for appellee.

ON MOTION TO ESTABLISH BRIEFING SCHEDULES AND FOR AUTHORIZATION TO WITHDRAW
PER CURIAM.
We have consolidated the above appeals only for the purpose of issuing our opinion on the motion of the Office of the Public Defender, Second Judicial Circuit (hereinafter the public defender), requesting approval of briefing schedules for certain cases assigned to its office and for authorization to move to withdraw from other cases, as will be discussed below.
This court previously visited the question of understaffing in the appellate division of the public defender in Crow v. State, 500 So.2d 171 (Fla. 1st DCA 1986) and Kiernan v. State, 485 So.2d 460 (Fla. 1st DCA 1986). In the motion now before us the public defender requests relief similar to that granted in Kiernan, seeking permission to withdraw from representation in new cases, up to 100, wherein it is designated as appellate counsel. The motion also requests approval of briefing schedules for certain cases assigned to assistant public defenders who have been unable to comply with deadlines previously imposed by the court. After careful examination of the motion and response and consideration of the remarks of counsel at oral argument, we grant the relief sought in the motion.
The problems associated with understaffing of the public defender's office and its *790 attempts to meet the demands of its workload were discussed in Kiernan. In fact, that opinion anticipated further problems within a matter of months if additional positions were not funded and it is no doubt indicative of the dedication and diligence of Mr. Allen and his staff that another request for relief was more than two years in coming. The motion before us represents that under current Public Defender Association Standards, Mr. Allen's appellate division should be funded for 13.75 attorney units based on its workload, while actual funding is only for 8.25 attorney units. Staff shortages in the appellate division have been aggravated by the decision to divert some attorneys to assist the trial division in its attempts to cope with increasing demands created by an explosive growth in crime and resultant jail overcrowding problems in the Second Judicial Circuit.[1]
As the public defender has adequately demonstrated a need for relief from its current workload and because there is established precedent for the remedy sought, see Kiernan, the motion to establish briefing schedules and for authorization to withdraw is granted. The briefing schedules contained in the motion of July 15, 1988, are approved and times for service of the respective initial briefs are extended to the dates reflected therein. This court will entertain motions to withdraw in up to 100 new cases[2] and, on granting of those motions, jurisdiction will be relinquished to the trial courts for appointment of alternate appellate counsel.
Motion granted.
SMITH, C.J., and JOANOS and ZEHMER, JJ., concur.
NOTES
[*] Together with: Leaman (Donald) v. State (No. 88-831); Barnes (Kelvin) v. State (No. 87-2128); Walker (Bernard) v. State (No. 87-2017); Williams (Craig) v. State (No. 88-834); Williams (Cederic) v. State (No. 88-746); Mayo (Russell D.) v. State (No. 88-1128); Mosley (Mangle) v. State (No. 88-850); Moore (Obbie) v. State (No. 88-712); Leggett (William) v. State (No. 88-662); Hester (Ike) v. State (No. 88-909); McGuire (Kenneth) v. State (No. 88-1182); Lewis (Thomas) v. State (No. 88-1154); Cotton (John L.) v. State (No. 88-892); Edwards (Jerry L.) v. State (No. 88-1185); Ross (Gregory) v. State (No. 88-1213); Williams (Martalius) v. State (No. 88-907); Hansberry (Michael) v. State (No. 88-1211); Peterson (Zachery) v. State (No. 88-846); Larson (Myren) v. State (No. 88-753); Howell (Todd) v. State (No. 88-981); Eberhardt (Kennedy) v. State (No. 88-891); Hanley (Brian) v. State (No. 88-687); Barberi (George) v. State (No. 88-1280); Parker (Luther) v. State (No. 88-749); Amoss (Rowland) v. State (Nos. 88-1336 and 88-1337); Black (Connie) v. State (No. 88-986); Patton (John Lee) v. State (No. 88-335); Ferrell (Ronnie) v. State (No. 88-977); Laurendeau (Timothy) v. State (No. 88-639); Poppell (Vondell) v. State (No. 88-1064); Chromartie (Lenora) v. State (No. 88-993); Brown (Stephen) v. State (No. 88-609); Dame (John S.) v. State (No. 88-1045); Williams (Craig M.) v. State; (No. 88-1130); Wilcoxson (Larry) v. State (No. 88-1165); Allen (Scott Lou) v. State (No. 88-1258)
[1] These remarks should not be construed as indicating this court's approval of the diversion of appellate attorneys to other duties. In fact, we expressly disapprove of it. We recognize, however, the extraordinary circumstances presented in recent months by increased crime associated with the "crack" cocaine problem and by inadequate jail facilities in Leon County.
[2] The Public Defender proposes to move to withdraw from cases distributed among the six circuits within our jurisdiction in proportion to the number of appeals received by its office from each circuit during calendar 1987. We endorse this suggested distribution.