ORDER
PER CURIAM.
Stevie Rochelle, Theodis Rochelle, and Cecil Copelin were indicted for first degree murder. The three defendants were tried together, with Don Reid of Gainesville representing Copelin and Stevie Rochelle, and the Office of the Public Defender for the Eighth Judicial Circuit representing Theo-dis Rochelle. After trial by jury all three were found guilty of third degree murder. Theodis Rochelle’s trial counsel filed a notice of appeal, a statement of judicial acts to be reviewed, and directions to the court reporter. Reid filed a single notice of appeal for both Copelin and Stevie Rochelle in this case. The two appellate cases were consolidated for purposes of the record only[1] and the Office of the Public Defender, Second Judicial Circuit, filed a brief on behalf of Theodis Rochelle in case number 87-1543. An affirmance without opinion has issued in that case, see Rochelle v. State, 531 So.2d 972 (Fla. 1st DCA 1988). Lloyd Vipperman was retained to represent Stevie Rochelle and a substitution of counsel was approved. Copelin was unable to retain private counsel for his appeal and the public defender was appointed to represent him. The Office of the Public Defender, Second Judicial Circuit, was then designated pursuant to section 27.51(4), Florida Statutes, to appear on behalf of Copelin. That office, however, moved to withdraw, citing its excessive workload. The motion was granted, see Grube v. State, 529 So.2d 789 (Fla. 1st DCA 1988). On October 20, 1988, the circuit court appointed Robert A. Rush to represent Copelin.
Although a brief had been filed on behalf of Stevie Rochelle in July, 1988, no further activity occurred on behalf of Copelin until March 1, 1989, when Rush served a motion for extension of time on the initial brief. On March 23, 1989,[2] this court entered the following order:
*92 The court notes that the appeals of both Stevie Rochelle and Cecil Copelin are proceeding in this case number. The motion filed March 3, 1989, is granted and time for service of Copelin’s initial brief is extended to April 30, 1989. This case will be considered on the merits when briefing is complete.
No brief was filed, however, and eventually this court sua sponte ordered Rush to show cause why sanctions should not be imposed against him for his neglect of professional responsibility in handling Cope-lin’s appeal. We are now in receipt of the response, in which counsel offers the following excuses for his failure to file a brief in this cause. First, he states he never received a response from this court to the motion for extension of time he served in March, 1989. Second, trial counsel was permitted to withdraw without filing a statement of judicial acts to be reviewed even though public funds were to be expended in the preparation of the transcript. This not only contravened Rule 9.140(b)(3)(A)(iv), Florida Rules of Appellate Procedure, it deprived appellate counsel of trial counsel’s views on viable issues to be presented on appeal. Third, in the absence of a motion for new trial, the sufficiency of the evidence cannot be raised as an issue on appeal. Rush states that based on his review of the record he is unable to identify an issue or issues to be argued in good faith on behalf of Copelin.
We will address these matters in sequence. First, as stated above, counsel’s request for an extension of time was granted 22 days after it was served and our file indicates that a copy of the order was served on Rush. While we can accept the possibility that an order could be mishandled by postal authorities or by counsel’s clerical staff after receipt, we find it unreasonable for counsel to assume this court had his motion for a 30-day extension of time under advisement for over 6 months and that this permitted him to take no further action during that time.[3] Counsel, after lapse of a reasonable time, should have contacted the clerk of this court to determine whether his motion had been received and, if so, whether it had been acted on.
Next, we consider Rush’s argument that his efforts have been hindered by the absence of a statement of judicial acts to be reviewed. Of course, such a statement would be helpful to appellate counsel. We find that under the unique circumstances presented in this case, however, Reid was not required to file such a statement. That is, transcripts of the proceedings were being prepared at public expense upon the request of the assistant public defender who represented Theodis Rochelle, thus technically relieving Reid of this responsibility.[4] If Rush desired the insight of trial counsel as to possible issues to be raised on appeal he could have reviewed the statement of judicial acts filed by Theodis Rochelle’s counsel or informally consulted Reid, see In re Order of the First District Court of Appeal Regarding Brief Filed in Forrester v. State, 556 So.2d 1114 (Fla.1990), or both.
We also disagree with the suggestion that trial counsel’s failure to move for new trial hindered preparation of an initial brief. The inability to argue sufficiency of the evidence would seem to us to make appellate counsel’s task easier by eliminating one major issue from consideration. If trial counsel was ineffective in failing to make such a motion it is within the province of the trial court to consider such a claim if and when a proper motion for post-conviction relief is filed after conclusion of these appellate proceedings.
Finally, although counsel states that he is unable to identify viable issues, we *93 note he still has not favored this court with a formal brief, whether pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) or otherwise, even though he was ordered to do so within 30 days by order of this court dated November 21, 1989.
Upon consideration of the foregoing, we decline to impose formal sanctions against Rush, except to the extent the recitation of the facts in this published opinion may negatively reflect on his performance in this cause. He is ordered to serve an appropriate initial brief on behalf of appellant Copelin within 20 days of this date.
SHIVERS, C.J., and SMITH and NIMMONS, JJ., concur.

. The cases did not “travel together” in this court so as to avoid delay in disposing of the earlier-matured case, see Putnam, Consolidation of Cases in Florida’s Appellate Courts, 62 Fla.B.J. 73 (June 1988).

. The delay in granting the extension was due primarily to Rush's failure to state in his motion whether opposing counsel had objection as required by Fla.R.App.P. 9.300(a), and the motion was therefore held by the court to allow opposing counsel time to file an objection before granting relief. See Fla.R.App.P. 9.300(a), permitting the opposing party ten days to respond to a motion and Rule 9.420(d) giving the oppos *92 ing party an additional five days where, as here, the motion was served by mail.

. On occasion, where a request is made for a short extension of time, this court is unable to grant it before the time requested has elapsed. Under such circumstances counsel for movant, in the exercise of due diligence, is expected to perform the action on or before the time requested in the motion rather than awaiting receipt of this court’s order.

. If appellate counsel felt a statement of judicial acts to be reviewed was improperly omitted by trial counsel prior to being permitted to withdraw, he should have moved either the trial court or this court for relief.