564 So.2d 137 (1990)
Keith Alan DAY, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2341.
District Court of Appeal of Florida, First District.
June 5, 1990.
Barbara M. Linthicum, Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and James W. Rogers, Asst. Atty. Gen., for appellee.

ORDER ON MOTION TO WITHDRAW
PER CURIAM.
Barbara M. Linthicum, Public Defender for the Second Judicial Circuit, moves to withdraw as counsel for appellants in this case and 99 others now pending before the court. She also moves for permission to withdraw as counsel in up to 200 additional cases in this court to which she will be assigned in the future.
*138 The Public Defender for the Second Judicial Circuit is responsible for handling indigent criminal appeals to this court and the Supreme Court of Florida pursuant to section 27.51(4)(a), Florida Statutes (1989). Unfortunately, her office has not been adequately funded in recent years and the available staff has been unable to keep up with the cases assigned to it. Thus, this court has previously found it necessary to grant the same type of relief sought here. See Terry v. State, 547 So.2d 712 (Fla. 1st DCA 1989); Grube v. State, 529 So.2d 789 (Fla. 1st DCA 1988); Kiernan v. State, 485 So.2d 460 (Fla. 1st DCA 1985). The correctness of this response has been reinforced by the recent decision in In re Order on Prosecution of Criminal Appeals by the Tenth Judicial Circuit Public Defender, 561 So.2d 1130 (Fla. 1990).
In Grube and Terry this court discussed the discrepancies between the funded positions for the Public Defender's office and the standards of the Florida Public Defender Association. At the present time there is a need as measured by the standards for in excess of 17 appellate attorneys in the office; it is currently funded for 10 such attorneys. The seriousness of the funding deficiency is evidenced by the fact that, despite being permitted to withdraw in 150 cases last year, the appellate assistant public defenders have sought approval of schedules which would permit briefs to be filed five or six months from the date of designation. Without some relief from this court the public defender will certainly be unable to keep up with cases newly assigned or to deal with the backlog as it now exists.
Accordingly, the motion to withdraw is granted. The motions pending in 99 other assigned cases will be granted by unpublished order. This court will also entertain motions in up to 200 additional cases assigned to the Second Circuit Public Defender, although the movant has agreed that a lesser number may be forthcoming in the event the backlog of cases is cleared sooner than anticipated.
Movant has also agreed that, as in the past, the cases to which motions to withdraw are directed will be distributed among the circuits in a ratio consistent with the number of appeals from each circuit in the last twelve months. During the withdrawals approved by Terry it was brought to this court's attention that in at least one instance the ratio of cases per county within a given circuit was most inequitable, placing an unfair financial burden on one county while otherwise similarly-situated counties were not required to shoulder the expense of hiring of special appellate public defenders. We therefore direct the public defender to address this concern in determining in which cases she will move to withdraw.
In In re Order on Prosecution, the court found that in an instance such as this only another appellate public defender or private counsel may be appointed. 561 So.2d at 1133. We are unaware of any other appellate public defender who would be available for such an appointment, especially in view of the court's finding that a crisis or near-crisis situation exists in all five appellate districts of this state. Id. at 1132.
We relinquish jurisdiction to the circuit court for 30 days for appointment of alternative appellate counsel. We temporarily appoint the Public Defender, Eighth Judicial Circuit, to represent appellant in that forum during that time. Temporary counsel shall ensure the matter is timely brought before the trial court and the clerk of the circuit court shall bring this order to the attention of the Chief Judge of the Circuit. The clerk of the lower tribunal is directed to provide this court with a copy of the order of appointment of alternative appellate counsel. In the event such an appointment is not timely made, temporary counsel shall file a written report within 45 days of this date explaining the lack of an appointment.
IT IS SO ORDERED.
SHIVERS, C.J., and ERVIN and SMITH, JJ., concur.