ORDER
PER CURIAM.
Previously this court entered an order which permitted the Public Defender, Second Judicial Circuit, to withdraw in this and 99 other cases to alleviate a backlog of appeals. The court also agreed to entertain up to 200 additional motions to withdraw in other cases. Day v. State, 564 So.2d 137 (Fla. 1st DCA 1990). Subsequently we held in abeyance the relief on the pending motions to withdraw and directed the public defender to show cause why our earlier order should not be withdrawn or modified in light of a legislative appropriation which provides funds to four of the five appellate public defenders in this state for hiring of additional staff to handle non-capital appeals. Day v. State, 564 So.2d 139 (Fla.1st DCA 1990). We are now in receipt of the public defender’s response and, upon consideration thereof, modify our earlier order as follows.
Movant first asserts that the appropriation will not result in the immediate hiring of attorneys. The legislative appropriation committees must make recommendations as to distribution of the funds and the matter will then be referred to the governor’s office which, in turn, must approve the allocation and release the funds. At present, legislative action is expected on or about July 2 and gubernatorial action on or about July 16, 1990. Although she is currently interviewing candidates for the anticipated vacancies, the public defender states she does not expect to fill them before the early part or middle of August.
The public defender also represents that the new attorneys hired under the appropriation will likely prevent the accumulation of an appellate backlog in the foreseeable future, but will not provide enough staffing to assist in the reduction of the current backlog. Calculations concerning this are speculative, since it cannot yet be determined how many new attorneys will be funded for the second circuit or when they will actually commence their duties.
After considering the above information, we have determined that it is most unlikely the legislative appropriation is sufficient to hire enough staff to entirely dispose of the public defender’s current appellate backlog. Accordingly, the request to withdraw in 99 additional pending cases is granted and separate unpublished orders will be issued in those cases. We defer consideration, however, of the request to withdraw in up to 200 additional cases, several of which motions are already pending. We decline to grant relief until further information is available regarding the number of new attorneys who will be hired, and when. The public defender is therefore requested to provide this court with reports concerning legislative and gubernatorial actions immediately after they have been taken. Such reports may be filed in this docket number.
The public defender is also requested to provide, along with such reports, a detailed plan as to how appropriated funds, authorized positions, and authorized salary rate will be applied. The plan should reflect the number of new attorneys which will be hired, as opposed to other support staff, and the total number of dollars and amount of salary rate which will be used under the proposed staffing arrangement. Additionally, the plan should indicate, in detail, how all non-salary dollars will be expended. After submission of the plan, the public defender is requested to submit progress reports to this court reflecting progress in carrying out the plan. Such progress reports should be submitted at least every 30 days and should continue until no further motions for the public defender to withdraw are pending in this court, or until further order of this court. The plan and reports should also be filed in this docket number.
IT IS SO ORDERED.
SHIVERS, C.J., and ERVIN and SMITH, JJ., concur.