570 So.2d 1003 (1990)
Keith Alan DAY, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2341.
District Court of Appeal of Florida, First District.
September 13, 1990.
On Rehearing October 17, 1990.
Barbara M. Linthicum, Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen. and James W. Rogers, Asst. Atty. Gen., for appellee.

ORDER ON MOTIONS TO WITHDRAW
PER CURIAM.
Barbara M. Linthicum, Public Defender for the Second Judicial Circuit, moved this *1004 court for permission to withdraw as counsel for appellants in up to 300 cases, citing to a backlog of cases created by understaffing. We originally granted leave to withdraw in 100 cases and announced that we would entertain similar motions in up to 200 additional cases. Day v. State, 564 So.2d 137 (Fla. 1st DCA 1990). After publication of the above-cited order, however, it came to our attention that the 1990 Florida Legislature had appropriated certain monies for the appellate public defenders to employ additional staff. We then ordered the public defender to show cause why our prior order should not be modified or withdrawn in light of that appropriation. Day v. State, 564 So.2d 139 (Fla. 1st DCA 1990). When we considered her response, we found that withdrawal in the original 100 cases was justified but we deferred disposition on the additional 200 cases until further information was available on the number of new attorneys to be hired and when they would commence their duties. She was directed to provide this court with a detailed plan for utilizing the appropriated funds and periodic progress reports. Day v. State, 564 So.2d 139 (Fla. 1st DCA 1990).
A report was filed which indicated that the Governor's Office had developed a plan for distribution of the funds which would result in the hiring of four additional attorneys and three additional clerical persons in the appellate division of the Office of the Public Defender for the Second Judicial Circuit. Upon consideration of the response, however, we were concerned that the public defender might not be making maximum use of the allocated funds and asked her to address those concerns in a supplemental response. Having now considered the supplemental response, we find as follows.
Movant is, of course, statutorily charged with the responsibility of representing indigent parties before this court in direct criminal appeals. Fla. Stat. § 27.51(4)(a)(1989). That responsibility is not absolute, however, and when understaffing creates a situation where indigent appellants are not afforded effective assistance of counsel, the public defender may be allowed to withdraw with jurisdiction relinquished to the counties where the convictions arose for appointment of special appellate public defenders. In re Order on Prosecution of Criminal Appeals by the Tenth Judicial Circuit Public Defender, 561 So.2d 1130 (Fla. 1990). Those attorneys must be paid from county funds. Id. at 1133. These unexpected expenditures can obviously have a serious effect on county finances, particularly in less-populous counties, of which there are many in this district. We are also cognizant that the 1990 Florida Legislature faced budgetary shortages. The allocation of substantial funds to increase staff in the appellate public defender offices is an indication the Legislature perceived a serious problem to be addressed. We believe it was the Legislature's intention that the additional staff should, where possible, work toward elimination of the accumulated backlog in addition to handling newly-assigned cases. Thus, while the right to effective representation of appellate counsel is our foremost consideration in these proceedings, we believe that movant bears a heavy burden to demonstrate that she and her staff are unable to provide that representation before we shift the financial responsibilities to the counties. In the unique circumstances presented here, we believe that burden includes a demonstration that all funds available for these purposes are being expended to employ staff for the processing of non-capital appeals.
In addition to monies for equipment purchases and expenses, the public defender was appropriated $228,307 for compensation of additional appellate staff during the current state fiscal year. Nevertheless, her plan to hire four attorneys and three clerical employees contemplates expenditure of less than $150,000 of these funds. She acknowledges that her staffing and expenditure plan is sufficient to keep the backlog of cases from growing, but she has not indicated plans to expend the balance of the appropriated funds for the purpose of reducing the existing backlog.
Having considered the funds available to movant and her proposed use of them, we find she has not demonstrated the need to *1005 withdraw in 300 cases. Instead, it appears she has monies to employ at least two additional attorneys for the remainder of the fiscal year to assist with felony appeals to this court. Although the public defender represents that she "has committed all available monies from the supplemental appropriation to its intended purpose", we conclude that money is available to hire additional legal staff, and the public defender has not shown entitlement to all the relief she seeks. At the same time, we recognize that available funds are not sufficient to hire enough additional attorneys to completely dispose of the existing backlog in a timely fashion.
Accordingly, we permit the Public Defender for the Second Judicial Circuit to withdraw in 100 cases in addition to those from which she has previously been permitted to withdraw, for a total of 200 withdrawals. We will attempt to allocate those withdrawals among the circuits and counties in a ratio based on the percentages of the total indigent direct criminal appeals to this court from the individual counties. That relief will be granted by separate unpublished orders. The motions to withdraw in other cases will be denied, also by unpublished orders.
IT IS SO ORDERED.
SHIVERS, C.J., and ERVIN and SMITH, JJ., concur.

ON REHEARING
PER CURIAM.
Barbara M. Linthicum, Public Defender for the Second Judicial Circuit, moves for rehearing of this court's prior order which permitted her to withdraw as appellate counsel in 200 cases because of backlog, but denied her request to withdraw in an additional 100 cases. See page 1003. She has raised a number of arguments on rehearing, but we find that only one requires discussion.
The Public Defender asserts that salary figures cited by the court in its order are incorrect and that "the total annualized cost for salary and benefits for the four new attorneys and three clerical positions is approximately $180,000." We do not dispute the correctness of this statement. The annualized cost, however, does not reflect the actual expenditures, as the positions have been or will be filled at different dates, all of which are several weeks or months after the commencement of the fiscal year. The estimate expressed in our previous order, of an expenditure of less than $150,000, was based on the knowledge that the annual salaries of the new employees would be paid only for some portion of fiscal year 1990-91.
Accordingly, we clarify our order of September 13 to include the above explanation of this court's estimate of actual, rather than annualized, cost of salary and benefits in the current fiscal year. The motion for rehearing is otherwise denied.
SHIVERS, C.J., and ERVIN and SMITH, JJ., concur.