PER CURIAM.
Percy Thompson, petitioner in this proceeding, has a direct appeal pending before this court in case number 90-1102. It is one of the 300 cases in which the Public Defender for the Second Judicial' Circuit moved to withdraw. The motion was granted as to 200 of those cases but 100 of the cases were returned to the public defender for briefing. See Day v. State, 570 So.2d 1003 (Fla. 1st DCA 1990). This case is one in which the motion to withdraw was denied.
Mr. Thompson now petitions this court for a writ of habeas corpus, relying on language in In re Order of Prosecution of Criminal Appeals, 561 So.2d 1130 (Fla.1990). There, our supreme court discussed the need for additional funds for the appellate public defenders to hire staff to address the backlog and stated:
[Although this court may not be able to order the legislature to appropriate those funds, we must advise the legislature that if sufficient funds are not appropriated within 60 days from the filing of this opinion, and counsel hired and appearances filed within 120 days from the filing of this opinion, the courts of this state with appropriate jurisdiction will entertain motions for writ of habeas corpus from those indigent appellants whose appellate briefs are delinquent 60 days or more, and upon finding merit to those petitions will order the immediate release pending appeal of indigent convicted felons who are otherwise bonda-ble.
Id. at 1139. Petitioner submits that he is bondable in that he has no prior felony convictions, no pending felony charges, and he was not convicted of first or second degree murder, kidnapping, sexual battery, arson, or drug trafficking. See Fla.Stat. §§ 903.131-903.133.
We deny the petition, as petitioner does not meet the criteria set forth in the Supreme Court’s opinion quoted above. The 1990 Florida Legislature did, in fact, make a substantial appropriation intended to assist the appellate public defenders alleviate their backlog. Further, Mr. Thompson has, and at all material times has had, counsel appointed to represent him in appellate proceedings before this court. We are cognizant, of course, that substantial delays have been experienced in the preparation of a brief on behalf of petitioner. Thus, we cannot foreclose the possibility that Mr. Thompson may be entitled to ha-beas corpus relief on grounds that the delay violated constitutional guarantees underlying the right to appellate counsel. Should he undertake to seek such relief, however, we find the circuit court, rather than this court, would be the proper forum. That court is in a position to verify that petitioner is entitled to post-trial release under the applicable statutory provisions and, if so, to set an appropriate bond. The controlling statutory provision and rule both contemplate that the trial court is the original forum to entertain a request for post-trial release during appeal. See Fla. Stat. § 903.132(2) and Fla.R.App.P. 9.140(e). Accordingly, we hereby deny the petition for writ of habeas corpus without prejudice to petitioner’s right to seek relief from the appropriate circuit court.
PETITION DENIED.
SMITH and NIMMONS, JJ., and WILLIS, BEN C. (Retired), Associate Judge, concur.