579 So.2d 102 (1991)
Charles SKITKA, et al., Petitioners,
v.
STATE of Florida, Respondent.
No. 77413.
Supreme Court of Florida.
May 2, 1991.
James Marion Moorman, Public Defender, Tenth Judicial Circuit, Bartow, for petitioners.
Robert A. Butterworth, Atty. Gen., Tallahassee, for respondent.
GRIMES, Justice.
We review an order of the Second District Court of Appeal denying the motion of the Public Defender of the Tenth Judicial Circuit to withdraw from the representation of twenty-nine indigent defendants. We have jurisdiction because this case affects a class of constitutional officers, public *103 defenders. Art. V, § 3(b)(3), Fla. Const.[1]
In order to understand the matter before us, it is necessary to refer to In re Order on Prosecution of Criminal Appeals by Tenth Judicial Circuit Public Defender, 561 So.2d 1130 (Fla. 1990). In that case we explained that the Public Defender of the Tenth Judicial Circuit, who handles all appeals to the Second District Court of Appeal by indigent defendants, had suffered from a tremendous backlog of appeals. We recognized that the defendants' constitutional rights to the effective assistance of counsel on appeal were in jeopardy. We urged that the legislature provide additional funding to the public defender with which he could address the backlog. In the meantime, we stated:
However, where the backlog of cases in the public defender's office is so excessive that there is no possible way he can timely handle those cases, it is his responsibility to move the court to withdraw. If the court finds that the public defender's caseload is so excessive as to create a conflict, other counsel for the indigent defendant should be appointed pursuant to subsection 27.53(3).
561 So.2d at 1138.
As a consequence of this decision, the public defender was permitted to withdraw from 445 cases and substitute counsel were appointed in these cases. In addition, the public defender received a special appropriation from the 1990 legislature that he used to hire outside counsel in 301 additional cases. The public defender also received an appropriation from the 1990 legislature for five new appellate attorney positions and four clerical support positions.
The public defender acknowledges that most of the backlog that existed when our opinion in In re Order on Prosecution of Criminal Appeals by Tenth Judicial Circuit Public Defender was issued has been eliminated. However, partially due to a temporary hiring freeze, the public defender has been delayed in hiring the additional attorneys authorized by the legislature. In the meantime, his office has been falling behind in the more recent appeals. On the bright side, he states that as of March 1, 1991, twenty-one attorneys will be employed, which represents an increase of ten over the number assigned as of July 1990 and an increase of five over the number of attorney positions authorized by the legislature specifically for noncapital appeals. He says that it is expected to take six months for these attorneys to meet the minimum productivity standards that his office requires but that once the standards are met, he anticipates being able to handle all incoming appeals so long as the rate of appointment does not increase. He further points out that the twenty-nine appellants for whom he seeks to withdraw are not bondable and that their briefs are more than sixty days overdue.[2]
In the order denying the motions to withdraw, the Second District Court of Appeal stated:
We do not interpret In Re Order on Prosecution of Criminal Appeals by the Tenth Judicial Circuit Public Defender, 561 So.2d 1130 (Fla. 1990) to require that all existing backlog of delinquent appeals be immediately disposed of, failing which the public defender must be relieved. In this regard, we agree with Day v. State, 564 So.2d 137 (Fla. 1st DCA 1990) (order on motions to withdraw). As in Day, we find that the public defender has not demonstrated a need to withdraw in these additional cases.

*104 Our decision is based on the three types of help already mentioned which the public defender has received in 1990: the special fund to employ outside counsel, the withdrawals already granted from hundreds of appeals, and a substantial increase in authorized and funded appellate staff. However, we also take note of statistics furnished by the public defender's office. A supplement to a motion to withdraw filed by the public defender in LaPorte v. State in 1987 showed the following number of counsel employed by the public defender in non-capital appeals:

 1984 13
 1985 14
 1986 12
 1987 11

In a supplement to the instant motions to withdraw, the public defender has stated that as of July 1, 1990, he had 11 attorneys in noncapital appeals, at the time of the supplement he had 15 and by early 1991 he would have 18. We are concerned that from the mid-eighties to July, 1990, the number of counsel in non-capital appeals actually decreased. We make no findings of fact in this regard and do not base our decision on past staffing practices, nor do we have all the details but simply point this out to illustrate an additional area in which the public defender has not made his case concerning the motions to withdraw.
Skitka v. State, No. 90-1390 (Fla. 2d DCA Feb. 5, 1991) (footnote omitted).
In Day v. State, 564 So.2d 137 (Fla. 1st DCA 1990), the First District Court of Appeal considered a motion to withdraw from 300 cases filed by the Public Defender of the Second Judicial Circuit to alleviate a backlog of appeals. The court initially granted permission to withdraw from 100 appeals and requested the public defender to provide a detailed plan as to how appropriated funds, authorized positions, and authorized salary rate would be applied toward meeting the backlog. Thereafter, the court authorized the withdrawal in 100 additional appeals but denied the motion with respect to the remaining 100 appeals. Day v. State, 570 So.2d 1003 (Fla. 1st DCA 1990). Based upon the information provided by the public defender, the court concluded that she was not using all available funds to address the backlog.
We acknowledge the public defender's argument that the courts should not involve themselves in the management of public defender offices. At the same time, we do not believe the courts are obligated to permit the withdrawal automatically upon the filing of a certificate by the public defender reflecting a backlog in the prosecution of appeals. In this instance, however, we conclude that the Public Defender of the Tenth Circuit has presented sufficient grounds to be permitted to withdraw from representation of these appeals. Because of the increased staff now available to the public defender, we are hopeful that the problem will soon be alleviated.[3] Our opinion should not be construed as criticism of the Second District Court of Appeal because, as indicated in In re Order on Prosecution of Criminal Appeals, that court has been in the forefront in addressing the dilemma of delayed appeals caused by the underfunding of public defenders.
We quash the order of the district court of appeal and direct that the public defender be permitted to withdraw from the representation of the twenty-nine appellants.[4] New counsel shall be appointed promptly to handle these appeals.
It is so ordered.
*105 SHAW, C.J., and BARKETT, KOGAN and HARDING, JJ., concur.
OVERTON and McDONALD, JJ., dissent.
NOTES
[1] The public defender also filed a petition for writ of mandamus, seeking to have us direct the district court of appeal to permit the withdrawal from these cases. We have denied the petition for writ of mandamus. However, because of time constraints, in our consideration of the issues herein we will employ the memoranda filed in that case.
[2] The significance of this statement relates to a footnote in In re Order on Prosecution of Criminal Appeals by Tenth Judicial Circuit Public Defender, 561 So.2d 1130 (Fla. 1990), in which we indicated that certain indigent appellants who were not otherwise bondable and whose appellate briefs were at least sixty days overdue could file petitions for writs of mandamus to compel appointment of other counsel to handle their appeals in accordance with our opinion in Hatten v. State, 561 So.2d 562 (Fla. 1990).
[3] We deny the public defender's motion to keep this case open so as to accommodate subsequent petitions from future orders on motions to withdraw from appeals that he anticipates will also be adverse to his position.
[4] While this matter was pending, we granted the public defender's motion requesting permission to begin work on the twenty-nine appeals without concern that this would render the issues before us moot. Therefore, to the extent that work has commenced on these appeals, the district court of appeal shall permit the public defender to withdraw from a comparable number of delinquent appeals upon which no work has commenced.