580 So.2d 301 (1991)
Isaac YOUNG, Appellant,
v.
STATE of Florida, Appellee.
No. 91-30.
District Court of Appeal of Florida, First District.
May 23, 1991.
*302 Nancy Daniels, Public Defender, for appellant.
Robert Butterworth, Atty. Gen., and James Rogers, Asst. Atty. Gen., for appellee.

ORDER ON MOTION FOR LEAVE TO WITHDRAW
PER CURIAM.
Nancy Daniels, Public Defender for the Second Judicial Circuit, moves for leave to withdraw as counsel for appellant in this case and an additional 46 cases.[1] She argues that inadequate funding makes it impossible for her to hire enough attorneys to timely prepare briefs in the cases which are assigned to her office under section 27.51(4)(a), Florida Statutes.
Neither this problem nor the proposed solution are new. See Day v. State, 570 So.2d 1003 (Fla. 1st DCA 1990); Terry v. State, 547 So.2d 712 (Fla. 1st DCA 1989); Grube v. State, 529 So.2d 789 (Fla. 1st DCA 1988). Despite additional monies budgeted by the 1990 legislature to address the problem, see Day v. State, 564 So.2d 139 (Fla. 1st DCA 1990), the Public Defender has demonstrated to this court that she is unable to hire enough attorneys to brief assigned cases in a timely manner.
We are not unaware of nor unsympathetic to the financial burdens these withdrawals place upon the counties in our district. Under the circumstances, however, we appear to have no alternative but to grant the motions to withdraw and to require that alternate counsel be appointed, despite the fact that most or all of the appellate attorneys so appointed will likely be compensated at county expense. This problem is one which must be addressed by the legislature, not the courts. See In re Order on Prosecution of Criminal Appeals by the Tenth Judicial Circuit Public Defender, 561 So.2d 1130, 1133-38 (Fla. 1990).
We relinquish jurisdiction in this case to the circuit court for 30 days for appointment of a special public defender. We temporarily appoint the Public Defender, Fourteenth Judicial Circuit, to represent appellant in that forum during that time. Temporary counsel shall ensure the matter is timely brought before the trial court and the clerk of the circuit court shall bring this order to the attention of the Chief Judge of the Circuit. The clerk of the lower tribunal is directed to provide this court and the appellant, at his last known address, with copies of the order of appointment of a special public defender. In the event such an appointment is not timely made, temporary counsel shall file a written report within 45 days of this date explaining the lack of an appointment.
Similar relief will be granted in the additional 46 cases by unpublished orders.
IT IS SO ORDERED.
SHIVERS, C.J., and ERVIN and WOLF, JJ., concur.
NOTES
[1] Movant originally sought leave to withdraw from 81 cases. During our consideration of the motion, however, she advised this court that she was able to set aside sufficient expense monies to contract with private attorneys to brief 33 of the cases. Further, one case was voluntarily dismissed, leaving a total of 47 cases from which movant seeks to withdraw as counsel.