593 So.2d 617 (1992)
James THOMAS a/k/a Jessie Smith, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1149.
District Court of Appeal of Florida, First District.
February 19, 1992.
*618 Nancy Daniels, Public Defender, and Kathleen Stover, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and James Rogers, Bureau Chief, for appellee.
PER CURIAM.
James Thomas appeals his conviction and sentence for first degree murder. The notice of appeal was filed in April, 1991, and a fourteen volume record on appeal was filed in August. The Public Defender for the Second Judicial Circuit was then designated as appellate counsel and obtained four extensions of 30 days each on the initial brief. When counsel moved for a fifth extension of time, we directed her to either file the brief within ten days or show cause why the Public Defender should not be removed as counsel for appellant. Assistant Public Defender Stover responded, stating that because of the complexity of this case and her current backlog, she would be unable to complete the brief within ten days. She further suggested, however, that even though substantial delays would be encountered if she remains as appellate counsel, ultimately the brief would be filed sooner under that scenario than if she is required to withdraw from representing Mr. Thomas and a special public defender appointed. See Skitka v. State, 579 So.2d 102 (Fla. 1991); In re Order on Prosecution of Criminal Appeals by the Tenth Judicial Circuit Public Defender, 561 So.2d 1130 (Fla. 1990); Young v. State, 580 So.2d 301 (Fla. 1st DCA 1991); Day v. State, 570 So.2d 1003 (Fla. 1st DCA 1990); Terry v. State, 547 So.2d 712 (Fla. 1st DCA 1989); Grube v. State, 529 So.2d 789 (Fla. 1st DCA 1988).
We ordered counsel to appear before the court and having now considered the pleadings and argument of counsel, we discharge our order to show cause and grant the extension of time. It is true, as the Public Defender argues, that this particular defendant will be better served if no change in appellate counsel is made at this point in time. We are nevertheless aware that the extensions for serving initial briefs sought by many of the appellate assistant public defenders in the Second Circuit are excessive and well beyond the time frames contemplated in In re Order on Prosecution of Criminal Appeals. The Public Defender must, either by moving to withdraw and/or by taking remedial measures in the administration of her office, promptly reduce the case backlog and the resulting delays in briefing. Public Defender Daniels represented to the court at oral argument that a motion to withdraw from a number of cases would be forthcoming and, without prejudging the merits of that motion, we are willing to grant another extension in this case upon the assurance that steps are being taken to reduce backlog and delay. Accordingly, we grant an additional extension of time until February 28, 1992, and order that the Public Defender serve an initial brief on behalf of Mr. Thomas on or before that date.
JOANOS, C.J., and MINER and WEBSTER, JJ., concur.