595 So.2d 264 (1992)
Nathaniel WOODS, Appellant,
v.
STATE of Florida, Appellee.
No. 91-3611.
District Court of Appeal of Florida, First District.
March 11, 1992.
*265 Nancy Daniels, Public Defender for Second Judicial Circuit, for appellant.
Robert A. Butterworth, Atty. Gen., and James W. Rogers, Bureau Chief, Crim. Appeals, for appellee.

ORDER ON COUNSEL'S AMENDED MOTION TO WITHDRAW
PER CURIAM.
Nancy Daniels, Public Defender for the Second Judicial Circuit, moves to withdraw as appellate counsel from this case and 128 other cases. For the reasons that follow, we grant the motion in all but one case.
Currently, the Public Defender is funded for and employs thirteen attorneys to handle noncapital appeals. Those attorneys each are able to file, on average, 4.5 initial briefs with this court, or a total from the office of 58.5 briefs per month. This output exceeds all recognized standards for appellate counsel workload. Nevertheless, the movant shows that her office received an average of 72 noncapital appellate cases per month in calendar 1991 and has fallen further behind in briefing with the passage of time. The seriousness of this problem is reflected in our recent opinion in Thomas v. State, 593 So.2d 617 (Fla. 1st DCA 1992), where we found that the extensions of time for filing initial briefs requested by the assistant public defenders were unacceptable and suggested that remedial measures, possibly including a motion to withdraw from cases, should be considered. This motion followed.
The Public Defender originally sought to withdraw from several cases where multiple extensions of time on the initial brief had already been granted by this court. We determined that such relief would be inappropriate because of the resulting delays to those litigants. The amended motion seeks to withdraw from more recently-filed cases, with the Public Defender keeping older cases for briefing, hopefully in the very near future. The movant also represents to the court that the cases from which she moves to withdraw are proportional to the case load by county for calendar 1991. This is an appropriate distribution so that the financial impact on the counties, which must pay the special public defenders who are appointed to brief the withdrawn-from cases, is not unfairly disparate.
The Public Defender represents to this court that she delayed filing a motion to withdraw because it is her belief that her state-funded office, not the counties of this district, should have responsibility for handling direct criminal appeals to this court. We share that view, but in light of the constitutional guarantees at issue and the lack of adequate funding for the Public Defender's office, we find we have no alternative but to grant this motion. See In re Order on Prosecution of Criminal Appeals by the Tenth Judicial Circuit Public Defender, 561 So.2d 1130 (Fla. 1990); Young v. State, 580 So.2d 301 (Fla. 1st DCA 1991); Day v. State, 570 So.2d 1003 (Fla. 1st DCA 1990); Terry v. State, 547 So.2d 712 (Fla. 1st DCA 1989); Grube v. State, 529 So.2d 789 (Fla. 1st DCA 1988).
Appellee has offered in-depth commentary and analysis on the Public Defender's motion but we find that, with one exception, appellee asks this court to involve itself in the management of the Public Defenders' office. This we may not do. Skitka v. State, 579 So.2d 102, 104 (Fla. 1991). The exception to which we refer is State v. Watson, case number 91-3225. We agree that further delays in this State appeal of a pre-trial order would be inappropriate and the Public Defender's motion to withdraw as counsel for appellee in that case will be denied by unpublished order.
*266 We grant the Public Defender's motion to withdraw as counsel for appellant in this cause and relinquish jurisdiction to the circuit court for 30 days for appointment of a special public defender. We temporarily appoint the Public Defender, Eighth Judicial Circuit, to represent appellant in that forum during that time. Temporary counsel shall ensure the matter is timely brought before the trial court and the clerk of the circuit court shall bring this order to the attention of the Chief Judge of the Circuit. The clerk of the lower tribunal is directed to provide this court and the appellant, at his last known address, with copies of the order of appointment of a special public defender. In the event such an appointment is not timely made, temporary counsel shall file a written report within 45 days of this date explaining the lack of an appointment.
Similar relief will be granted in the remaining 127 cases by unpublished orders.
IT IS SO ORDERED.
JOANOS, C.J., and SMITH and WEBSTER, JJ., concur.