605 So.2d 552 (1992)
Corey BENNETT, Appellant,
v.
STATE of Florida, Appellee.
No. 92-2036.
District Court of Appeal of Florida, First District.
September 22, 1992.
*553 Nancy Daniels, Public Defender for Second Judicial Circuit, for appellant.
Robert A. Butterworth, Atty. Gen., for appellee.

ORDER ON COUNSEL'S MOTION TO WITHDRAW
PER CURIAM.
Nancy Daniels, Public Defender for the Second Judicial Circuit, moves to withdraw as appellate counsel from this case and 22 other cases. For the reasons that follow, we grant the motion.
The Public Defender moves to withdraw on grounds that she does not have sufficient staff to timely brief the appellate cases that have been assigned to her. This problem is an ongoing one, and as recently as March of this year she was permitted to withdraw as appellate counsel in 128 cases. Woods v. State, 595 So.2d 264 (Fla. 1st DCA 1992). Immediately following that relief, however, movant shows that the backlog of cases occurred again. The backlog was attributable to the same cause, assignment of more cases to the Public Defender than the current staff can reasonably brief. During the months of April through July, 1992, inclusive, the Public Defender's staff has filed 208 initial briefs in direct criminal appeals in this court. During that same period, however, the office has been designated to handle 280 appeals. We accordingly find that the request to withdraw from 23 cases is justified.
As we stated in Woods, we acknowledge that the remedy asked for by the Public Defender and hereby granted by the court is not a palatable one, as it results in the financial responsibility for these appeals falling on the counties, rather than the State of Florida where it properly belongs. In light of the continued inadequate funding of Ms. Daniels' office, however, we find we have no choice but to grant relief.
We grant the motion of the Public Defender, Second Judicial Circuit, to withdraw as appellate counsel in this cause and relinquish jurisdiction to the circuit court for 30 days for appointment of a special public defender. We temporarily appoint the Public Defender for the Fourteenth Judicial Circuit to represent appellant in that forum during that time. Temporary counsel shall ensure the matter is timely brought before the trial court and the clerk of the circuit court shall bring this order to the attention of the Chief Judge of the Circuit. The circuit court clerk is also directed to provide this court, the Public Defender for the Second Circuit, and the appellant, at his last known address, with copies of the order of appointment of a special public defender. In the event such an appointment is not timely made, temporary counsel shall file a written report within 45 days of this date explaining the lack of an appointment.
Time for service of the initial brief is extended to 30 days from date of the order appointing the special public defender.
Similar relief will be granted in the remaining 22 cases by unpublished orders.
IT IS SO ORDERED.
JOANOS, C.J., and SMITH and WEBSTER, JJ., concur.