PER CURIAM.
ORDER IMPOSING SANCTIONS
Michael L. Jones, attorney of record for the defendants in these two unrelated appeals, was directed to appear before this panel June 16, 1992, to show cause why sanctions should not be imposed against him for his failure to comply with prior orders of this court. See In re Order as to Sanctions, 495 So.2d 187 (Fla. 2d DCA 1986). Although served with notice of that direction to appear, Mr. Jones did not attend.
In both Kim Irene Butcher v. State, appeal no. 89-1114, and State v. Rose Moore, appeal no. 91-00493, Mr. Jones’s misconduct has been egregious, demonstrating more than mere inexperience or negligence. Based upon Mr. Jones’s admissions at previous hearings, plus his failure to appear and refute the most recent charges, we find his misconduct to have been willful and inexcusable, requiring the imposition of sanctions.
In Butcher v. State the defendant/appellant is serving a fifteen-year minimum sentence for trafficking in cocaine. At trial she was represented by private counsel, who filed a timely notice of appeal. Initially the public defender was appointed to represent Ms. Butcher on appeal. However, this is one of numerous cases in which the public defender was permitted to withdraw due to his unmanageable caseload. See In re Order on Prosecution of Criminal Appeals by Tenth Judicial Circuit Public Defender, 561 So.2d 1130 (Fla.1990). On October 23, 1990, the circuit court appointed Mr. Jones as substitute counsel.
From that point onward our file reflects numerous motions to extend time or for supplementation of the record. Mr. Jones’s pattern of sanctionable conduct particularly began in September, 1991, when he ignored an order of this court requiring him to file Ms. Butcher’s initial brief by a date certain. As a result of this and subsequent incidents of disobedience, Mr. Jones was called before previous panels of this court on two separate occasions.[1] Apparently not even these personal appearances have convinced him that strict and true prompt compliance with court orders is required.
Standing alone, his misconduct in State v. Moore may be considered less egregious. In that case Mr. Jones represented the defendant/appellee at the trial level and was successful in obtaining an order suppressing evidence. The state has appealed this order, and its brief is on file. Mr. *1306 Jones is still listed as counsel of record for appellee. In February, 1992, he was ordered to notify this court whether he intended to represent Ms. Moore, and if so, why no brief had been filed. When he failed to respond, he was ordered to show cause in writing why he had not complied with the previous order. His disregard of this order also resulted in the inclusion of this matter with Butcher in a single hearing ordered for June 16, 1992.
Any appearance of extraordinary leniency towards Mr. Jones up to this point should be considered in light of certain recent history regarding criminal appeals in this district. The public defender handles the great bulk of such cases and maintains a sizeable staff of attorneys with experience in both substantive criminal law and appellate procedure. For some time, however, the public defender has complained that his annual legislative appropriations have not kept pace with his burgeoning caseload. As a result, he has periodically sought and obtained permission to withdraw from large blocks of appeals. In re Order on Prosecution of Criminal Appeals; see also Skitka v. State, 579 So.2d 102 (Fla.1991). In the wake of these withdrawals it has fallen to the circuit courts to locate and appoint substitute counsel. Commendably, many members of the Bar have accepted representations of defendants in these appeals for diminished compensation and also on a pro bono basis. For the most part their representations have been consistent with a high standard of professionalism. However, entrusting representation in a criminal appeal to someone either incapable of or unwilling to devote to it the requisite degree of professionalism may be potentially far more prejudicial to the indigent appellant than the “normal” delay resulting from the public defender’s backlog. Thus, unless such court appointments are monitored to ensure adequate representation, the “cure” conceivably can be worse than the “disease.”
Mr. Jones’s conduct in Moore has exemplified a somewhat different kind of problem, one which has emerged with regard to appeals taken by the State of Florida. In some instances where the defendants are represented by private attorneys at the trial level, these attorneys apparently adopt the attitude that they have no responsibility toward the client in the event the state takes an appeal. We do not intend to establish a policy whereby attorneys are forced to provide uncompensated appellate services. However, where the defendant is the party bringing an appeal, counsel of record is not permitted to withdraw until after filing notice of appeal and other essential appellate paperwork. Fla. R.Crim.P. 3.111(e); Fla.R.App.P. 9.140(b)(3).[2] We see no reason why this concept should not apply where the defendant is the appellee. At the very least, common courtesy suggests that a defense attorney should not withdraw from a state appeal until assuring that the client will be represented if he or she desires.[3] In any event, an attorney of course may not fail to respond to orders of this court concerning the status of a defendant’s representation, regardless of whether he or she intends to appear as counsel of record.
Accordingly, the following sanctions are imposed:
(1) Michael L. Jones is hereby removed as counsel for the appellant in Butcher v. State. Jurisdiction is relinquished to the trial court for a period of thirty days, during which time the trial court shall appoint substitute counsel for Ms. Butcher. The trial court may consider appointing the public defender for that purpose. The order appointing substitute counsel shall be served upon Mr. Jones as well as upon this court and the State of Florida. Upon re *1307 ceipt of the order, Mr. Jones shall immediately forward the record on appeal to Ms. Butcher’s new attorney. Failure to do so will expose Mr. Jones to additional sanctions beyond those imposed in this order.
(2)Michael L. Jones is also removed as counsel for the appellee in State v. Moore. Again, jurisdiction is relinquished to the trial court for a period of thirty days, during which time the trial court shall determine whether Ms. Moore qualifies for the appointment of counsel. If so, the trial court shall appoint the public defender or such other counsel as it may deem advisable. If the trial court does appoint substitute counsel, it shall so notify Mr. Jones and he shall immediately forward the record on appeal to Ms. Moore’s new attorney. If not, Ms. Moore shall arrange to file a brief, either pro se or through newly retained counsel of her choice, within sixty days of this order.
(3) Michael L. Jones shall accept no compensation for his representation in either appeal. Furthermore, he shall file with this court a sworn statement to the effect he has accepted no compensation or, if compensation has been paid, that it has been refunded. This statement shall be filed within thirty days of this order, and noncompliance with this paragraph will expose Mr. Jones to further sanctions.
(4) Michael L. Jones is fined $1,000, payable to the clerk of this court on or before thirty days following the date of this order.
(5) In the future, unless and until this court orders otherwise, Michael L. Jones shall make no appearance before this court without first securing permission from the court. This shall be initiated by submitting a written request containing the signature of the client as well as that of Mr. Jones personally. A copy of this opinion is being furnished to the Chief Judge of the Thirteenth Judicial Circuit.
(6) Michael L. Jones is publicly reprimanded for his misconduct in these two appeals, said reprimand to be published in the Southern Reporter. We further direct that a copy of this opinion be forwarded to The Florida Bar for appropriate action.
LEHAN, C.J., and DANAHY and BLUE, JJ., concur.

. On October 31, 1991, the panel specifically found that Jones "has failed to comply with previous orders of this court requiring him to file an initial brief on behalf of the appellant” and "has failed to keep this court advised of his current mailing address.” Jones was ordered to file Ms. Butcher’s initial brief on or before November 12, 1991. He did not file the brief, nor did he even move for an extension of time until after the deadline imposed by the October 31 order. On January 23, 1992, the panel stated that Jones's explanations "were not satisfactory,” and established another due date for the brief. This date too came and went without further action on Jones’s part.

. There are instances wherein sanctions have been imposed for egregious noncompliance with these rules. See, e.g., Thames v. State, 549 So.2d 1198 (Fla. 1st DCA 1989).

. For the client who is indigent, this would require securing the appointment of the public defender. Otherwise, if the client is unwilling to compensate current counsel to appear in the appeal, counsel should at least explain the need to secure other representation and/or the risks of proceeding pro se or of waiving any appearance.