616 So.2d 1104 (1993)
John DENMARK, Appellant,
v.
STATE of Florida, Appellee.
No. 92-3727.
District Court of Appeal of Florida, First District.
April 8, 1993.
Nancy Daniels, Public Defender for the Second Judicial Circuit, for appellant.
Robert A. Butterworth, Atty. Gen., for appellee.

ORDER ON COUNSEL'S MOTION TO WITHDRAW
PER CURIAM.
The Public Defender for the Second Judicial Circuit, who represents the appellant in this direct appeal from a judgment and sentence, moves to withdraw as counsel in this case and fifty others. Movant avers that the office continues to be underfunded for the number of cases assigned. As a result, the appellate attorneys in the office, despite diligent efforts where they meet or exceed all recognized workload levels, are unable to prevent creation of a backlog of cases. This causes an ever-increasing delay in the filing of initial briefs and such delays raise questions as to whether the appellants are being afforded their constitutionally guaranteed right to effective assistance of counsel on appeal.
We have granted similar relief to the Public Defender in similar circumstances in the past, see, e.g., Bennett v. State, 605 So.2d 552 (Fla. 1st DCA 1992); Woods v. State, 595 So.2d 264 (Fla. 1st DCA 1992), and cases cited therein. There is no apparent reason to deny relief at this time and the motion to withdraw as counsel for appellant in this cause is granted. Jurisdiction is relinquished to the circuit court for 30 days for appointment of a special public defender. The Public Defender for the Eighth Circuit is temporarily appointed to represent appellant in that forum during that time. Temporary counsel shall ensure the matter is timely brought before the trial court and the clerk of the circuit court shall bring this order to the attention of the Chief Circuit Judge. The circuit court clerk is also directed to provide this court, the Public Defender for the Second Circuit, and the appellant, at his last known address, with copies of the order of appointment of a special public defender. In the event such an appointment is not made, temporary counsel shall file a written report within 45 days of this date explaining the lack of an appointment.
Time for service of the initial brief is extended to 30 days from date of the order appointing the special public defender.
*1105 Similar relief will be granted in the remaining 50 cases by unpublished orders.
IT IS SO ORDERED.
JOANOS, C.J., and BOOTH and WEBSTER, JJ., concur.